### VERRA v. COSTANTINO et al.

(Municipal Court of the City of New York, Borough of Manhattan, Second District. November, 1902.)

1. REPLEVIN—SUIT ON BOND—NECESSITY OF RETURN OF EXECUTION.
   Where, in replevin, the property is seized, but the plaintiff suffers the action to abate, suit may be maintained on the replevin bond, notwithstanding Municipal Court Act, § 126 (Laws 1902, p. 1531, c. 580), provides that a defendant "who has recovered final judgment" cannot sue on the bond until return of execution.

2. SAME.
   Defendant is not required on the return day to present the papers to the trial justice, and have the case marked dismissed, under Municipal

Court Act, § 248 (Laws 1902, p. 1561, c. 580), authorizing judgment dismissing an action without prejudice where the plaintiff fails to appear, as such judgment would not be a final one.

Action by John Verra against Domenico Costantino and another. Judgment for plaintiff.

Cohen Bros., for plaintiff.
Sullivan, Goldsmith & Engel, for defendants.

RASQUIN, J. This action is brought to recover damages on an undertaking by the defendants in an action in replevin brought by John Graziuso against Raffaelo Baltinetti in the Municipal Court, Ninth District, in which the property was taken, as appears by the marshal's return and from the evidence of the plaintiff and his assignor, Baltinetti, who had assigned his claim to the plaintiff. The answer interposed by the defendants is to the effect that, no final judgment having been rendered in that action, the plaintiff cannot recover. It is conceded by the defendants that the action in the Ninth District Court was instituted; that a writ of replevin was issued; that a marshal of the city of New York replevied the articles mentioned in the affidavit; that no trial fee was paid; and that the case never appeared on the calendar for the joinder of issue or for trial, and therefore abated. Section 1733 of the Code of Civil Procedure, which is identical with section 126 of the Municipal Court Act (Laws 1902, p. 1531, c. 580), provides that:

"A plaintiff who has recovered a final judgment cannot maintain an action against the sureties in an undertaking given in behalf of the defendants to procure a return of the chattel, or against the bail of a defendant who has been arrested, until after the return, wholly or partly unsatisfied or unexecuted, of an execution in his favor, for the delivery of the possession of the chattel, or to satisfy a sum of money out of the property of the defendant, or for both purposes, as the case requires. A defendant who has recovered a final judgment cannot maintain an action against sureties in the plaintiff's undertaking, given to procure a replevin, until after a like return of similar execution against the plaintiff."

If the contention of the defendant be good, then the complaint must be dismissed. I think, however, that it is untenable, especially when we consider what irreparable injury would be worked if such a doctrine were upheld.

Under the well-settled practice of this court, and by the provisions of the Municipal Court act, the plaintiff may, before final submission, withdraw and discontinue the action; or, as in this case, he may fail to pay the required fee, and place the case upon the calendar, or the court may lose jurisdiction. In either event, where would the remedy of the defendant on the undertaking be? Certainly he could get no final judgment, for the reason that the court was without jurisdiction to grant it. It would work an abatement, and so bring the case within Tone v. Hetherington, Daily Reg. Oct. 7, 1881; Frost v. Kopp, 13 Civ. Proc. R. 377. The section clearly applies in an action in replevin. Where either party has obtained a judgment, he must first issue execution on the judgment before he can proceed on the undertaking. In other words, the law has provided that,

where the action has been disposed of on the merits between the parties, recourse must first be exhausted against the other, in that action, before an action can be maintained on an undertaking. The defendant, being unable to obtain final judgment in such a case, would, if the contention of the defendant is good, be without remedy.

It might be argued that the defendant has a right on the return day to present a copy of the papers to the trial justice, and have the case marked dismissed, under section 248 of the Municipal Court act. That section provides:

"Judgment that the action be dismissed with costs, without prejudice to a new action, shall be rendered in the following cases: (1) Where the plaintiff voluntarily discontinues the action before it is finally submitted. (2) When he fails to appear at the time specified in the summons or upon adjournment."

This certainly would not be a final judgment, for it would not determine the rights of the parties, as it would be without prejudice to a new action, and the defendants could, under such circumstances, advance the same defense as now.

I think the case at bar is identical with that of Tyler v. Millen, 8 N. Y. Week. Dig. 290. In that case the defendant brought an action in replevin in a justice's court against one Howland, to obtain possession of a horse, who gave an undertaking for the prosecution of the action, or the return of the property, if adjudged to belong to the defendant. After the joining of issue, and on the day fixed for trial, plaintiff withdrew the action, defendant protesting, and judgment of discontinuance was entered. Howland assigned his claim to plaintiffs, and in an action brought on an undertaking judgment was rendered in favor of plaintiffs. On appeal to the General Term, Third Department, it was held that:

"When Millen discontinued the action, he was guilty of a breach of the condition of his bond, and became liable for damages. His conduct was an attempt to pervert the law by gaining possession of the horse, and stopping proceedings in time to retain such possession, and thus compel the defendant to revive the action on his own behalf. The recovery is just and proper. Millen's affidavit before the justice was introduced in evidence in this action over objection. His admission of the value of the horse was proof, and is sufficient evidence of value."

I think the doctrine laid down in the Tyler Case is sound and controlling, and I shall follow it. No evidence was introduced on behalf of the defendant to offset plaintiff's evidence as to damages, and I think, under the authorities cited, plaintiff is entitled to judgment for $150 and costs.

Let judgment be entered accordingly.