(108 App. Div. 318.)

O'REILLY v. ERLANGER, Sheriff.

(Supreme Court, Appellate Division, First Department.   November 10, 1905.)

1. EVIDENCE—JUDICIAL NOTICE—OCCUPATIONS.
    The courts will take judicial notice of the general duties and character of those occupations which are classed as professions.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 24.]

2. EXEMPTIONS—PROFESSIONAL INSTRUMENTS—UNDERTAKERS' TOOLS.
    A desk, safe, and candelabra, belonging to an undertaker and used by him in his business, are not professional instruments, within Code Civ. Proc. § 1391, exempting "professional instruments, furniture, and library" from execution; such provision not applying to the office furniture and tools of an ordinary business man.
    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Exemptions, § 63.]

3. NEW TRIAL—VERDICT CONTRARY TO LAW—SETTING ASIDE VERDICT.
    Under the express provisions of Laws 1902, p. 1563, c. 580, § 254, a verdict contrary to law may be set aside on motion made at the close of the trial or within five days from the time of the rendition of judgment.

4. REPLEVIN—VERDICT—SUFFICIENCY—FORM.
    Municipal Court Act, Laws 1902, p. 1529, c. 580, § 120, provides that in an action to recover possession of a chattel the verdict must fix the damages for detention, if any, and that, where it awards to the plaintiff a chattel which has not been replevied, it must fix the value of the chattel at the time of trial.   Held, that a verdict which did not conform to such requirements, but was simply "for the plaintiff in full," was so irregular that the trial court was required to set it aside.
    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 363, 374.]

Appeal from Appellate Term.

Action by William B. O'Reilly against Mitchell L. Erlanger, as sheriff of the county of New York.   From a judgment (92 N. Y. Supp. 56), reversing an order of the Municipal Court of New York and setting aside a verdict in favor of the plaintiff, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

M. Cleiland Milnor, for appellant.
Charles La Rue, for respondent.

McLAUGHLIN, J.   The defendant, as sheriff of the county of New York, under a valid judgment and execution issued thereon against the plaintiff, levied upon a candelabra, desk, and safe.   There was no dispute but what these articles belonged to the plaintiff, but he claimed they were exempt from levy and sale under section 1391 of the Code of Civil Procedure, because he was a householder and they were

necessary "professional instruments and furniture" employed by him in his business of undertaker and of less than $250 in value. This claim not being recognized and the levy not being released upon his demand, he brought this action in the Municipal Court of the city of New York to recover possession of such articles, or to recover their value in case possession could not be given, with damages for detention. The action was tried before a jury, and the verdict was in form "for the plaintiff in full." The defendant moved to set aside the verdict, which motion was granted, on·the ground that it was "contrary to law," and a new trial directed. On appeal to the Appellate Term this order was reversed, and by permission the defendant appeals to this court.

The evidence discloses that the candelabra was necessarily used at the funerals of persons of certain religious beliefs, and I am of the opinion that a jury would be justified in finding, upon the evidence set out in this record, that the same was a part of the "working tools" of the plaintiff in his undertaking business, for which reason it would be exempt under section 1391 of the Code of Civil Procedure. The plaintiff, however, claims his exemption of the candelabra, desk, and safe as part of his necessary "professional instruments and furniture." He is an embalmer, as well as undertaker; but his embalming instruments were not levied upon. The business of embalming and undertaking is not a profession within the meaning of the statute, nor does the fact that an embalmer must be licensed make him a professional man. A druggist must have a license to dispense medicine, but this does not make him a professional man, unless he chances to be a physician as well. So, in the city of New York, an auctioneer and pawnbroker must be licensed, as well as barbers and persons who conduct employment agencies, and certain others who engage in ordinary mechanical work. The term "professional" can only relate to some of those occupations universally classed as professions, the general duties and character of which the courts must be expected to understand judicially. Pennock v. Fuller, 41 Mich. 153, 2 N. W 176, 32 Am. Rep. 148.· In no sense contemplated by the statute was the plaintiff using the candelabra, desk, or safe in the practice of a profession.

The provisions of sections 1390 and 1391 of the Code of Civil Procedure relating to exemptions are quite comprehensive and plain. By the first section referred to certain articles are made exempt, whatever their value, while by the second section the value of the exempt articles is limited to $250 and includes "necessary household furniture, working tools and team, professional instruments, furniture and library." I am of the opinion that the words "professional instruments, furniture and library" should be read and construed together, and the Legislature intended thereby to preserve to a professional man the instruments, office furniture, and library necessary to the pursuit of his profession, and that such provision does not apply to the office furniture and tools of an ordinary business man. The object of the exemption in the statute is not to aid the owner in preventing the collection of just claims against him, but is mainly intended for the benefit of the family for which he provides. Wilcox v.

Hawley, 31 N. Y. 648. The householder following an ordinary occupation is provided for, as well as the mechanic, teamster, and the man who uses working tools of any character, and then follows the provision preventing a professional man from being deprived of the means with which he may provide for the family dependent upon him. The desk and safe of the plaintiff, therefore, were not exempt from levy and sale. I have been unable to find any authority holding that the office furniture of an ordinary business man is exempt from levy and sale by virtue of an execution. But, even if the desk be deemed to be exempt, the safe was in no sense furniture. It is a convenient article for the safe-keeping of papers, but is not at all necessary for the carrying on of an undertaker's business. The plaintiff himself conducted his business for several years without one.

The trial justice had the power to set aside the verdict and award a new trial (chapter 580, par. 254, p. 1563, Laws of 1902), and I am of the opinion, in view of the fact that the jury found in favor of the plaintiff with respect to the safe and desk, as well as the candelabra, that he properly exercised that right. But his order setting aside the verdict was right upon another ground. The action was to recover possession of a chattel. In such an action section 120 of the Municipal Court Act provides that the verdict must fix the damages for detention, if any, and that where it awards to the plaintiff a chattel which has not been replevied, which was the situation in the present case, it must fix the value of the chattel at the time of the trial. The verdict in this case did not conform to any of these requirements. It did not even award possession of the chattels to the plaintiff, or fix their value, or award even nominal damages for detention. It was simply: "We find for the plaintiff in full." Such a verdict is so irregular that the trial court was required to set it aside. Conklin v. McCauley, 41 App. Div. 452, 58 N. Y. Supp. 879.

The determination of the Appellate Term must, therefore, be reversed, with costs, and the order of the Municipal Court affirmed, with costs.

O'BRIEN, P. J., and INGRAHAM and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.