GEORGE RUSHBROOK, Plaintiff, *v.* HERMAN JERGE et al.,
Defendants.

(County Court, Erie County, October, 1911.)

Replevin — Liability on undertaking — Actions — Conditions precedent.

>   Where in an action of replevin the defendant does not reclaim
>   the chattels and the complaint is dismissed on the plaintiff's
>   default, the defendant may maintain an action on the under-
>   taking without first obtaining the return of an execution un-
>   satisfied.

>   Section 1733 of the Code of Civil Procedure, requiring the return
>   of an execution upon a final judgment in favor of defendant in
>   such a case before bringing suit upon the undertaking, does not
>   intend a judgment of dismissal on plaintiff's default but a judg-
>   ment for the return of the chattels replevied or for damages.

ACTION of replevin.

Calvin S. Crosser, for plaintiff.

Charles Newton, for defendants.

TAYLOR, J.   In an action of replevin, brought in a justice's
court in this county against this plaintiff by one Weisberg,
the defendants herein were the sureties on said plaintiff's
undertaking.   This plaintiff, the defendant in said replevin
action, did not reclaim the chattels replevied under section
2925 of the Code of Civil Procedure.   On the return day in
said action the plaintiff did not appear and the justice
entered a non-suit with costs.

The action at bar is one against the sureties upon plain-
tiff's undertaking in said replevin action and the defendants
come into court and move to dismiss the complaint under
section 1733 of the Code of Civil Procedure, upon the theory
that the defendant in the replevin action recovered a final
judgment therein and, therefore, cannot maintain this action
because he has not preliminarily issued and had returned an
execution as specified in said section 1733.   This section is

made applicable to the situation here presented under section 2931 of the Code of Civil Procedure.

For the reason that the plaintiff in the replevin action defaulted on the return day, the defendant, of course, could neither file an answer, nor was he able to obtain a judgment awarding him possession of the chattels or damages on account of some special property in the chattels in himself, or on account of the chattels having been distrained being damaged, or because the property had been delivered to the plaintiff and the defendant damaged thereby. It is clear to me that one of the varieties of judgment just mentioned must be the kind of a " final judgment " necessarily intended by the wording of said section 1733, and the only kind upon which an execution mentioned in said section could be issued. Dickson v. Bickershoff, 48 Misc. Rep. 353.

It is equally plain, therefore, notwithstanding the ingenious arguments of defendants' counsel, that the proceedings taken by the justice of the peace on his return day did not result in a " final judgment " under section 1733; wherefore an execution pursuant to said section is not a prerequisite to the bringing of this action. And so, although the justice's court action did not " abate " as plaintiff states in his complaint herein by way of surplusage and as an incorrect conclusion of law, I believe that the complaint does state facts sufficient to set forth a cause of action for damages against the sureties on an undertaking which, among other things, insured the " prosecution of the action (Code Civ. Pro., § 1699) by the plaintiff. The amount of damages recoverable herein is a matter to be determined later. But this motion must be denied.

Motion denied.