CLOTILDE BUDRACCO, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Replevin — actions — evidence — undertakings — damages.

> While the statement of value in an affidavit in replevin or in a replevin bond may be *prima facie* evidence of value, and, in the absence of any other evidence to the contrary, is sufficient, such statements are not conclusive evidence.
>
> Where in an action against the surety on an undertaking in replevin to recover possession of certain household chattels it is conceded that the plaintiff in replevin did not prosecute that action, and the sole proof in the present action as to any interest of the plaintiff in the chattels is by the presumption arising from the fact that the marshal in his return states that he took the property from the possession of the defendant in the replevin action, and the plaintiff here introduces proof that one of the defendants claims a boarding-house lien on the chattels, a judgment in favor of the plaintiff for the full value of the chattels will be reversed, on the ground that the court

did not apply the proper rule of damages, for if, on a new trial hereby ordered, it appears that plaintiff has no right at all to the possession of the chattels, she will be entitled to nominal damages only.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fifth district, in favor of the plaintiff for the sum of $1,106.25.

William J. Griffin (George A. Baker, of counsel), for appellant.

Seligsberg, Lewis & Strouse (Walter N. Seligsberg and Jay Leo Rothschild, of counsel), for respondent.

KELBY, J. The action is brought against the defendant as surety in an undertaking on replevin. The undertaking in suit was made and filed in a replevin action brought by one Samuel J. Budracco (the husband of the present plaintiff) against the said Clotilde Rice Budracco and a co-defendant in the replevin action named Cora M. Rice. The replevin action was brought to recover certain household chattels which the plaintiff in replevin alleged were wrongfully detained by the two defendants in the replevin action. The allegations in the complaint in replevin were commingled and connected statements of plaintiff's title and right of possession and wrongful withholding of possession by the defendants. Clotilde Budracco, for answer in the replevin action, put in a general denial, and asked for a dismissal of the complaint. No demand for the return of the chattels was made in the answer, nor was any written notice of demand for the return of the chattels made as prescribed by the Code on behalf of Clotilde Budracco. The defendant Rice in replevin admitted that she was, until the commencement of the replevin action, in possession of the chattels, and pleaded a general denial as to the other facts

set out in the complaint. And, for a first defense and counterclaim, alleged that she had furnished necessaries to Clotilde Budracco, consisting of food, shelter and other necessaries, of the reasonable value of $1,503. And, for a second defense and counterclaim, alleged that she was the proprietor of a boarding-house in Brooklyn; that she boarded the plaintiff in replevin for one period of time, and the plaintiff in replevin and his wife for another period of time; that the reasonable value of the board and articles furnished was $810, on account of which $678 had been paid, leaving the sum of $132 due and owing. The said answer then set out that the chattels described in the complaint in replevin were brought to the house of the said Cora M. Rice by Samuel J. Budracco, and that the chattels were detained by the defendant Rice under and by virtue of her lien for food and lodging. In legal effect, this set up a boarding-house keeper's lien in the sum of $132.

The action in replevin came to trial; the plaintiff in replevin did not appear; the defendant Rice proved and obtained a judgment on the counterclaim amounting to $1,000; and the clerk entered up judgment on said day. On the next day the court filed a memorandum stating that the defendant (Rice) was entitled to the possession of the chattels in question, and which were valued by the judge at $1,000. Ten days later the judge filed another memorandum stating, in effect, that the plaintiff not being ready, the defendant Clotilde Budracco was entitled to a dismissal of the action.

From the foregoing, it must be conceded that the plaintiff in replevin did not prosecute the action.

The undertaking sued upon contained the conditions prescribed by the Code of Civil Procedure (§ 1699), and was for the prosecution of the action; for the return of the chattels to the defendants if possession

is adjudged to them, or if the action abates or is discontinued before the chattel is returned to the defendant, and for the payment to the defendants of any sum which the judge awards to them. These conditions of the bond are independent, and liability accrues whenever there is a breach of one or more of them. The condition of the replevin bond to prosecute the action is broken where the plaintiff suffers a voluntary or involuntary non-suit or dismissal. In the case at bar, we are concerned only with the legal results of the conceded fact that the plaintiff in replevin did not prosecute the action.

It is urged that an action on the undertaking cannot be maintained unless the defendant in replevin demanded a return of the chattels, and, further, that an execution must be issued as prescribed by section 1733 of the Code of Civil Procedure.

In the case of *Rogers* v. *United States Fidelity & Guarantee Co.,* 84 N. Y. Supp. 203, the plaintiff in replevin failed to appear on the trial, and it appeared that the trial judge marked the summons in that action " Judgment for defendant." This memorandum just mentioned was not signed by the trial judge, nor was any judgment ever rendered in that action in favor of the defendant either for costs or entitling them to a return of the property, or for its value in case a return could not be had. The court there said:

" The plaintiff was bound to prosecute the action. He could not use the process of the court to obtain possession of the property of the defendants, and then, by failure to appear, discharge the liability of his surety and retain the property, for we must assume that the marshal did his duty, and, upon failure of the defendants in the replevin action to file an undertaking for a return of the property, delivered it to the

plaintiff, as required by section 111, Municipal Court Act  *  *  *  and section 1706, Code Civ. Proc.

" The fact that the defendants in the replevin action did not obtain the judgment which they might have been entitled to does not aid the plaintiff therein, nor relieve his surety from liability.  *  *  *

" Neither  *  *  *  does section 1733, Code Civ. Proc., aid the defendant herein.  That section provides that, when a ' final judgment ' has been rendered, no action can be instituted on the undertaking until after the return, wholly or partly satisfied, of an execution, etc.  A final judgment is one which determines the rights of the parties.  *Morris* v. *Morange,* 38 N. Y. 172.  As we have seen, there was no judgment at all rendered in the case at bar."

The court, in that action, confirmed a judgment in favor of the plaintiff against the defendant.

Section 69 of the Municipal Court Code provides as follows:  " Where a chattel has been replevied and the defendant has not required the return thereof pending the action, he may in his answer demand judgment for the return thereof, either with or without damages for the taking, withholding or detention."

And, by section 63 of the same act, a defendant in replevin may file a notice that he requires the return of the chattel and must file with said notice affidavits setting up certain facts, as therein provided.  At common law the only relief obtained in a replevin action was an adjudication as to the right of possession of the chattel at the time of the commencement of the action.  Subsequently, by statute both in the Code of Civil Procedure and in the Municipal Court Code, opportunity was given for a defendant to set up a claim of title to the chattel in question, so that there might, at the election of the defendant, be an adjudication in his favor.  The defendant in replevin, however,

is not compelled to avail himself of this new remedy. He may decline to make said demand for a return of the chattel, and, if he prevail in any way, he is not estopped from commencing a subsequent action. A demand for a return thereof is not a condition precedent to the commencement of an action against the surety on an undertaking in replevin. See *Rushbrook* v. *Jerge,* 74 Misc. Rep. 43; *Verra* v. *Costantino,* 84 N. Y. Supp. 222.

The case of *Bown* v. *Weppner,* 62 Hun, 579, may be distinguished from the case at bar. In that case the defendant in replevin, in addition to not requiring the return of the property, set up affirmatively " that the property was in the custody of the sheriff of Monroe county by virtue of the levy of an execution; ' that the sheriff of the county   *   *   * should be the party defendant in this action in the place of this defendant; that all rights or claims of this defendant   *   *   *, are subject to the levy of the said sheriff,   *   *   * and this defendant ought not to be sued on account of any or all allegations set forth in the complaint.' " In addition to this, there was a specific denial that defendant was in possession. The plaintiff in that action then went into court and voluntarily withdrew the action. It is not clear from this report who were the parties impleaded with the sureties, the title of the action simply being *Bown* v. *Weppner* and another, appellants, impleaded with another, defendant. The court later states, in its opinion, that the action was prosecuted to final judgment. In any event, the covenant of the bond there sued on was one relating to an abatement or discontinuance of the action before the return of the property, and the court there held that the " return of the property " referred to was a return in response either to a notice from the defendant requiring the possession of the property or in pur-

suance of a judgment awarding the possession to him. The case clearly then is different from the case at bar.

In the case of *Manning* v. *Manning,* 26 Kan. 98, 101, the sureties on an undertaking in replevin were sued and the plaintiff in the replevin action, it was alleged, obtained possession of the property and dismissed his action without going to trial, and suit was, therefore, brought.  It was urged there, as here, that no liability attached to the surety except as fixed and determined by a judgment in the replevin action, and the court there said: " We cannot assent to this proposition * * *.  Doubtless the defendant in a replevin action has a right to insist upon a trial and judgment, notwithstanding a dismissal by the plaintiff; * * * and unquestionably, if he has such trial and judgment, his rights are determined thereby. * * *  But if, on the other hand, upon a dismissal by the plaintiff of his action, the defendant does not seek a trial and judgment, he is not precluded of his full remedy upon the bond.  One of the conditions of the bond is, that the plaintiff shall duly prosecute his action.  That is a separate and independent condition.  Upon breach of that condition, the defendant is entitled to recover all the damages he has sustained thereby.  The fact that he has not pursued one remedy given by statute does not deprive him of the general remedy upon the bond. * * *  He may bring his action upon the bond; and as that bond was conditioned that the plaintiff should duly prosecute the action, and as by the dismissal thereof plaintiff has so failed to prosecute, and as by means of the bond plaintiff has obtained possession of property apparently belonging to the defendant, the defendant is, *prima facie* at least, entitled to recover of the sureties the value of the property thus taken from him. * * *."

To the same effect, see *Cox* v. *Sargent,* 10 Col. Court

of Appeals, 1. The court there said: " The provision in the statute permitting the defendant to obtain a judgment awarding him the return of the property and determining its value is for his benefit and not for the benefit of the plaintiff. Therefore, it is not for the plaintiff nor for the sureties to complain that the defendant has failed to do that which would relieve him of any difficulty in bringing his suit on the bond. It is to the advantage of the obligees that the plaintiff fails to procure the entry of that judgment under those authorities which permit them to contest the question of value, and possibly under some circumstances to contest the question of title to the property." To the same effect, see *Mills* v. *Gleason,* 21 Cal. 274, and see, also, Notes, L. R. A. 1917, A, 1191, 1192.

The plaintiff in the action at bar put in the entire record of the replevin action as evidence, and the parties then stipulated that no part of the sum demanded in the complaint has been paid, and that the property involved in the action in the Municipal Court has never been returned to the plaintiff, and that no part of the value has been paid therefor. Among the papers thus introduced in evidence was the marshal's return, showing that he had taken possession of the chattels in suit, and also the verified answer of the co-defendant Rice in the replevin action. From this it appears that the defendant Rice swore to an existing boarding-house keeper's lien. Under these circumstances, the judgment rendered in favor of the plaintiff for the full value of the chattels cannot be sustained. While the statement of value in an affidavit in replevin or the value in a replevin bond may be *prima facie* evidence of value, and, in the absence of any other evidence to the contrary, is sufficient, such statements are not conclusive evidence. See 34 Cyc. 1605. The sole proof in this record as to any interest of the plaintiff in the

chattels is by the presumption afforded from the fact that the marshal states that he took the property from the possession of the defendants in the replevin action. Plaintiff herself has brought to the notice of the court by introducing sworn proof that the defendant in replevin Rice claims a lien to the said chattels.

The judgment is, therefore, reversed on the ground that the court did not apply the proper rule of damages. On the trial, under the pleadings as they exist here, the defendant may contest the ownership or alleged claim of ownership of the plaintiff in this action; may show that it is a qualified ownership, or may show that the plaintiff has no rights at all in the chattels. If it develop that the plaintiff has no right at all to the possession of the chattels, then she is entitled to nominal damages only. See *Smith* v. *Whiting,* 100 Mass. 122.

CLARK and CROPSEY, JJ., concur.

Judgment reversed and new trial ordered.