ABRAHAM M. ELLIS and Another, Copartners, Trading under the Firm Name and Style of ELLIS HOSIERY COMPANY, Appellants, v. HENRY R. BERNDT, Trading under the Firm Name and Style of UNIVERSAL MERCHANDISE COMPANY, and Others, Respondents.

First Department, April 27, 1928.

Replevin — verdict — general verdict in favor of defendants is insufficient, under Civil Practice Act, §§ 1120, 1121 — Appellate Division cannot direct verdict for plaintiffs since evidence raises question of fact.

The defendants, in their answer in this action to replevy certain merchandise, merely alleged their right to the merchandise but did not ask for the return thereof or the value. The answer demanded merely that the complaint be dismissed.

A general verdict for the defendants does not comply with sections 1120 and 1121 of the Civil Practice Act, and it is insufficient, for it fails to decide the issues which are raised in a replevin action. Said sections of the Civil Practice Act are mandatory and must be complied with.

The Appellate Division cannot direct a verdict for the plaintiffs and a new trial is awarded, since there was sufficient evidence to raise a question of fact as to

whether or not the plaintiffs intended to part with title and possession to the one who obtained possession, and likewise whether or not the defendants were or were not *bona fide* purchasers for value.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of April, 1923, and also from an order entered in said clerk's office on the 18th day of May, 1923.

*Arthur A. Beaudry,* for the appellants.

*Samuel Zinman* of counsel [*Davidson, Moses & Sicher,* attorneys], for the respondents Moritz Wormser and Jacob L. Frankel.

McAVOY, J. The plaintiffs here had replevied certain merchandise. The answer of defendants Wormser and Frankel alleged their right to the merchandise, but the demand for relief was merely for a judgment dismissing the complaint, and did not ask for the return of the merchandise or the value thereof.

The main point of appellants is that the duty was upon the defendants to prove the value of either their special property in the merchandise, if they claimed such, or in the event that they claimed to be the general owners, that they should have proven the value of the property at the time of the trial in order to be entitled to a judgment in replevin.

Sections 1120 and 1121 of the Civil Practice Act are mandatory and provide in effect that a verdict in favor of a defendant who is not in possession of the chattels must fix the value of the chattels at the time of the trial, or if the defendant claims a special property in the chattels, the value of the special property must be fixed by the jury, and if the value of the chattels is greater than the value of the special property the value of the chattels need not be found, but the verdict must set forth the reason why the value of the chattels was not fixed.

A verdict which reads for the defendants does not have the effect of awarding possession to the defendants, as the defendants may have succeeded merely upon the ground that they had not wrongfully detained the chattels, for instance as bailees for hire. The verdict thus fails to decide the issues which the delictual action of replevin raises.

The jury brought in a general verdict for the defendants, without fixing the value of the chattels at the time of the trial and it also failed to find whether the defendants had a special property right in the merchandise and that the value of the chattels at the time of the trial was greater than the value of the special property.

A direction of a verdict for the plaintiffs cannot be had here but a new trial must be awarded because there was sufficient

evidence to raise a question of fact for the jury to decide as to whether or not the plaintiffs intended parting with title and possession to the alleged impostor Berndt, under a mistaken belief as to his actual credit rating or intended dealing with the alleged impostor solely as the agent of a corporation, which was of good financial standing, and besides it may be litigated on the facts whether the defendants were or were not *bona fide* purchasers for value.

The judgment should, therefore, be reversed and a new trial ordered, with costs to appellants to abide the event.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellants to abide the event.