ABRAHAM SCHARFMAN and Another, Copartners, Trading as SCHARFMAN BROS., Plaintiffs, *v.* MAY-CLAIRE COSTUME Co., INC., Defendant.

City Court of New York, New York County, December 26, 1928.

*Benjamin Barondess*, for the plaintiffs.

*Irving Jacobson*, for the defendant.

LIPPE, J. This is a motion by the defendant to dismiss the complaint upon the ground that the court has no jurisdiction of the action in that the amount demanded in the complaint is in excess of the sum of $3,000. The action is in replevin. The value of the chattels sought to be recovered is alleged to be $2,052. In addition special damages are claimed for the withholding of the chattels, the amount of such damage being $1,025. The relief prayed for is the return of the chattels with the damages for their detention or, in the event possession of the chattels cannot be given to plaintiff, for the value thereof besides the damages sustained by their wrongful detention, the aggregate of which sums is $3,077. The jurisdiction of the City Court of the City of New York is fixed by the Constitution (Art. VI, § 15) as follows: " The City Court of the city of New York is continued, and, from and after the first day of January in the second year following the adoption of this article, it shall have * * * original jurisdic-

tion concurrent with the Supreme Court in actions for the recovery of money only in which the complaint demands judgment for a sum not exceeding three thousand dollars, and interest, and in actions of replevin, foreclosure of mechanic's liens and liens on personal property where the property involved does not exceed in value the sum of three thousand dollars." From the foregoing it clearly appears that while in actions for the recovery of money only the jurisdiction of the court is limited to cases where the complaint demands judgment for a sum not in excess of $3,000, jurisdiction in actions of replevin is not so limited, but is dependent upon the question of whether the value of the chattels involved exceeds $3,000. The New York City Court Act defines the jurisdiction of the court as follows: " § 16. Jurisdiction. The city court of the city of New York shall have original jurisdiction concurrent with the supreme court of the state of New York in the following cases: 1. In actions for the recovery of money only, or, to recover one or more chattels, with or without damages for the taking or detention thereof, in which the complaint demands judgment for a sum not exceeding three thousand dollars ($3,000) and interest, or the recovery of a chattel not exceeding said amount in value. 2. In actions of replevin where the value of the property involved or the amount sought to be recovered does not exceed the sum of three thousand dollars ($3,000) and interest." These provisions appear to be inconsistent. In the 1st subdivision, while the jurisdiction of the court in actions to recover chattels, with or without damages for the taking or detention thereof, is limited to cases where the complaint demands judgment for a sum not in excess of $3,000, the further alternative provision is contained therein that such jurisdiction shall extend to actions to recover a chattel where the value thereof does not exceed $3,000. The 2d subdivision similarly limits the jurisdiction of the court in actions of replevin to cases where the value of the property involved does not exceed $3,000 or in the alternative to cases where the amount sought to be recovered does not exceed $3,000. It seems apparent from the foregoing that, notwithstanding the provisions contained in said subdivisions limiting the jurisdiction of the court in actions to recover chattels and of replevin to cases where the amount demanded in the complaint does not exceed $3,000, such provisions are subject to the qualification contained in the alternative provisions of each of said subdivisions that where the value of the chattel or property involved does not exceed $3,000, the court has jurisdiction of the action, in which case the test is not the amount demanded in the complaint but the value of the chattel or the property involved. Replevin is a possessory action. Its object is the recovery of the

property. The alternative relief of the fixation of its value and also the recovery of damages for its detention are but incidents to the primary purpose of the suit, the right to possession. The statute, while making the amount demanded in the complaint a test of the right to institute the action, did not confine the right to cases coming within such test, but made the further provision that the right to institute actions to recover a chattel or of replevin shall be governed by the value of the chattel. It thus seems that where, as here, the value of the chattels is less than $3,000, even though the complaint demands judgment for a sum in excess of that amount, the court has jurisdiction to entertain the action; that its jurisdiction in actions of replevin is not circumscribed by the amount of money damage demanded in the complaint, but is based upon the value of the chattels sought to be recovered. This conclusion is fortified by the provisions of the Constitution above cited. These provisions clearly indicate that the only limitation in actions of replevin is that the property involved shall not exceed $3,000 in value. Section 16 of the New York City Court Act is merely declaratory of the constitutional provisions, and even though the same could be so construed as to limit the right to institute suit in actions of replevin to cases where the complaint demanded judgment not in excess of $3,000, the section to that extent would be in conflict with the power expressly given to the court by the Constitution and hence be of no force and effect. Motion to dismiss complaint is denied.