H. T. C. HOTEL CORPORATION, Respondent, v. ROYAL INDEMNITY COMPANY, Appellant.

First Department, April 5, 1929.

*Stanley M. Lazarus,* for the appellant.

*Samuel Schwartzberg* of counsel [*Harry H. Oshrin,* attorney], for the respondent.

FINCH, J.   Plaintiff, a hotel corporation, seized certain furniture and belongings of a guest, which were claimed by the hotel for an unpaid board bill of some five hundred and odd dollars. The guest replevined the property and gave to the plaintiff the usual bond, upon which bond this action is brought.

In answer to the complaint in the replevin action in the Municipal Court, the defendant (the plaintiff here), in addition to denials, set up a separate and distinct defense that the plaintiff therein was a guest at its hotel from October until July and was indebted to the hotel in the sum of some $500 for his accommodation, board, lodging and extras; that the property mentioned and described in the complaint was brought to the hotel by the guest during this period and is now detained by the defendant by virtue of its lien.

Following a trial, the justice of the Municipal Court dismissed the complaint upon the ground " that the property was of a value greater than $1,000 and this court, therefore, has no jurisdiction of the action."   Nevertheless a judgment was entered in the Municipal Court adjudging that the hotel corporation, the defendant in that action, recover of the plaintiff " possession of the chattels specified in Schedule A annexed hereto, with interest of $55, together with $60 costs, making a total of $115, and if the said plaintiff is unable to deliver the possession of said chattels to the said defendant within five days after the entry of this judgment, it is adjudged

that the defendant do recover of plaintiff the sum of $1,000, with $55 interest, together with $60 costs, making a total of $1,115.00, and that defendant have execution therefor."

Subsequently an order to show cause was granted by the trial justice why the judgment should not be vacated, and thereupon the trial justice made the following order: "Upon the foregoing papers this motion to vacate judgment granted to the extent of vacating provision awarding judgment to the defendant on counterclaim, and amending judgment so as to provide only for dismissal of complaint with costs to the defendant; in other respects motion denied.   *   *   *."

The plaintiff therein, the guest, took an appeal, which he later abandoned, from the Municipal Court to the Appellate Term and thereafter the hotel corporation brought this action against the surety company upon the replevin bond in the City Court.   Upon the trial the plaintiff offered in evidence the judgment roll in the Municipal Court and the trial justice admitted in evidence the requisition to replevin, the undertaking, the return of the marshal and the final judgment, and excluded the rest of the judgment roll. The defendant thereupon conceded that the chattels were not returned to the hotel corporation and both sides rested.

The trial justice thereupon directed a verdict in favor of the defendant.   Upon appeal to the Appellate Term, it was there determined that the judgment should be reversed and a new trial ordered, with costs to abide the event, and a *per curiam* opinion was handed down reading as follows:

"As plaintiff established a *prima facie* cause of action (*Budracco* v. *National Surety Co.*, 112 Misc. 133), it was error to direct a verdict in favor of defendant.

" The judgment is reversed and a new trial ordered, with costs to appellant to abide the event.

"All concur."

The determination of the Appellate Term must be reversed and the judgment of the City Court affirmed for the reason that the plaintiff showed no breach of any of the conditions of the replevin bond.   The main provisions of the bond read as follows: " *   *   * the Royal Indemnity Company,   *   *   * does hereby pursuant to the said statutes, undertake and become bound to the defendant in the sum of Two thousand & 00/100 ($2,000) Dollars for the prosecution of the action of the said plaintiff against the said defendant in said Court for wrongfully detaining said property, the return to the defendant of the said chattels or so much thereof as shall be taken by virtue of the said affidavit and requisition thereupon endorsed, if possession thereof is adjudged to the defendant,

or if the action abates or is discontinued before the chattels are returned to the said defendant and for the payment to said defendant of any sum of money which the judgment awards to defendant against the plaintiff."

The Appellate Term held that the provisions of this bond were separate and independent, following the decision in *Budracco* v. *National Surety Co.* (112 Misc. 133), and, therefore, that when it was shown by the judgment that the complaint had been dismissed and the appeal therefrom abandoned, it resulted that the plaintiff had established a *prima facie* case and all that remained was to show the damages sustained. Hence the Appellate Term reversed the directed verdict for defendant in the City Court and ordered a new trial. *Budracco* v. *National City Co.* (*supra*) does not represent the rule of law, however, as laid down in this court in deciding many cases. It has been uniformly held that the provisions of the Civil Practice Act require a judgment in replevin to compel the delivery of the chattels with the damages, or, in lieu thereof, their value, or, in case a special lien is claimed less than the value of the chattels, that the money value of this lien be fixed, and if not collected, that the chattel be delivered or held until said sum is paid. These provisions were not carried out in this judgment as they should have been. In *Levine* v. *Dohl* (179 App. Div. 777) an action was brought upon an undertaking given by the defendant to procure the return of property which had been replevied by the plaintiff. The defendant set up as a defense to this action that neither the verdict in the original replevin suit nor the judgment therein awarded to the plaintiff possession of the chattel, nor did the execution issued thereon require the sheriff to take possession thereof. The court said: "The question presented, therefore, is whether for the failure of the plaintiff to take a judgment in the alternative for the possession of the chattel and in case possession could not be delivered, for its value, the surety is freed from liability upon the bond; in other words, is the taking of such judgment in the alternative a prerequisite to his liability on the bond? * * *

" This undertaking was given pursuant to this statute, and the liability of the defendant would seem to be conditioned upon the rendering of a judgment in the alternative and the issue and return of an execution which would require, *first*, the taking possession of the chattel replevied if such be possible. This rule of liability is laid down in *Gallarati* v. *Orser* (27 N. Y. 324). * * * That case has never been overruled and there is no contrary holding in this State."

In *Tauber* v. *National Surety Co.* (219 App. Div. 253) the judg-

ment entered in the replevin suit was an ordinary money judgment entered upon the verdict of a jury. The defendant in the replevin suit then commenced an action on the undertaking against the surety. The court by Mr. Justice JAYCOX said: " * * * These directions of the Civil Practice Act were entirely disregarded in the judgment entered herein. Upon such a judgment an action against the surety upo the undertaking cannot be maintained. (*Gallarati* v. *Orser*, 27 N. Y. 324; *Cook* v. *Freudenthal*, 80 id. 202; *Retter* v. *Webber*, 217 App. Div. 193.) The necessity of a judgment in the form prescribed by statute is made clear by the section of the Civil Practice Act which prescribes the character of the execution or executions which must be issued upon such a judgment before an action can be brought against the surety upon the undertaking. (Civ. Prac. Act, 1128.) * * * A judgment in proper form would have fixe the value of the chattel replevied, the amount of the defendant damages arising from the seizure, and the two items together wo ...'d have fixed the limit of the defendant's recovery. If an execution had been issued and the chattel returned to the defendant, the value of that chattel would have been deducted from the judgment. The surety is only liable for the value of the chattel ' if possession is not delivered to the defendant.' (Civ. Prac. Act, § 1124.) It is, therefore, a matter of real consequence to the surety that the judgment should be in proper form and that the executions provided for by statute should be issued and returned. The surety is not liable until all the statutory requirements have been complied with."

In *Ellis* v. *Berndt* (223 App. Div. 421) Mr. Justice McAVOY, writing for the court, said: " Sections 1120 and 1121 of the Civil Practice Act are mandatory and provide in effect that a verdict in favor of a defendant who is not in possession of the chattels must fix the value of the chattels at the time of the trial, or if the defendant claims a special property in the chattels, the value of the special property must be fixed by the jury, and, if the value of the chattels is greater than the value of the special property the value of the chattels need not be found, but the verdict must set forth the reason why the value of the chattels was not fixed.

"A verdict which reads for the defendants does not have the effect of awarding possession to the defendants, as the defendants may have succeeded merely upon the ground that they had not wrongfully detained the chattels, for instance as bailees for hire. The verdict thus fails to decide the issues which the delictual action of replevin raises."

In *New York Yellow Cab Co. S. A., Inc.*, v. *Courtlandt Garage & Realty Corp.* (223 App. Div. 44) Mr. Justice O'MALLEY, writing for

the court, said: " The verdict below was improper in that it failed to fix the value of the various chattels at the time of the trial as provided for in section 1120 of the Civil Practice Act, and likewise because it failed to give any reason why such value was not so fixed as provided for in section 1121 of the Civil Practice Act. * * *

" * * * The fixing of the value as of the time of the trial might be pertinent in an action brought hereafter on the bond given for the order of replevy."

In the case at bar the bond, as expressly recited therein, was given pursuant to the provisions, among others, of sections 1120 and 1121 of the Civil Practice Act. Section 1120 of the Civil Practice Act reads in part as follows: " Verdict, report or decision in action to recover a chattel; what to state. The verdict, report or decision must fix the damages, if any, of the prevailing party."

Section 1121 of the Civil Practice Act reads in part as follows: " Substitute in certain cases for finding as to value in action to recover a chattel. A verdict, report or decision in favor of the defendant shall not fix the value of the chattel in either of the following cases: * * *

" 2. Where the plaintiff is the general owner of the chattel but the defendant had a special property therein and the value of the chattel is greater than the value of the special property, or the sum charged upon the chattel by reason thereof; in which case, the value of the special property or the sum so charged must be fixed.

" In either of the cases specified in this section, the verdict, report or decision must set forth the reason why the value of the chattel is not fixed."

Section 1124 of the Civil Practice Act, in so far as material, reads as follows: " Final judgment. * * * But if the case is one of those specified in section eleven hundred and twenty-one of this act, final judgment in favor of the defendant must award to him the sum fixed as therein specified, and if it is not collected, the delivery of the chattel; or, if the chattel has not been replevied, or has been returned to him after replevin, that he is entitled to possession thereof until the sum so awarded is collected or otherwise paid."

The decision rendered in the replevin action and the judgment entered thereon did not conform to any of the foregoing provisions of the Civil Practice Act. There was no statement fixing or assessing any claim on behalf of the defendant. There was also no direction for the return of the chattels to the defendant.

A reading of the bond shows that all of its provisions are connected with the conjunctive requirement at the end of the bond

" and for the payment to said defendant of any sum of money which the judgment awards to defendant against the plaintiff." Even if the plaintiff in the replevin action should fail to prosecute such action, or that action should abate or be discontinued before the chattels are returned to the defendant therein, the latter would have to enter a judgment for the return of the chattels or their value or for the amount of the value of the special property right as provided in the Civil Practice Act (§§ 1120, 1121) before there would be a breach of the condition of the bond so as to entitle the obligee in the bond to recover against the surety. This plaintiff could not recover in the City Court even the amount of its lien because no judgment awarding to it that amount was rendered in the replevin suit in the Municipal Court. The plaintiff, therefore, had not established a *prima facie* case and the direction of a verdict for the defendant in the City Court was the correct result.

It follows that the determination of the Appellate Term should be reversed and the judgment of the City Court affirmed, with costs to the defendant in this court and in the Appellate Term.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Determination reversed and judgment of the City Court affirmed, with costs to the defendant, appellant, in this court and in the Appellate Term.