MICHAEL H. KRAM, Respondent, *v.* MANUFACTURERS TRUST COMPANY, Appellant.

First Department, June 30, 1933.

*Leonard G. Bisco* of counsel [*Lester E. Denonn* with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

*David H. Slade* of counsel [*Maxwell Slade* and *Charles S. Port* with him on the brief; *Slade & Slade*, attorneys], for the respondent.

MARTIN, J. In this replevin action the plaintiff seeks to recover 2,500 shares of P. Lorillard common stock, 400 shares of Borden common stock and 300 shares of Kellogg common stock, which he pledged with the defendant. The pledge, by the terms of a collateral note, was to secure payment not only of the note itself, which had been reduced to $47,500, but also of any other liability or obligation, direct or contingent, of plaintiff to defendant.

The plaintiff had executed two guaranties of payment of an indebtedness of his brother, Jacob M. Kram, to defendant aggregating $13,000. The principal issue litigated at the trial was whether these guaranties were valid obligations. If they were, that would justify defendant in continuing to hold the stocks as collateral until the obligations under the guaranties were paid. The case was tried before the court and a jury on December 20, 1932, and the jury rendered a verdict " for the plaintiff in full " without fixing the value of the chattels. In addition to the fact that there was a part failure of proof, the verdict was bad in form and should have been corrected. (*O'Reilly* v. *Erlanger*, 108 App. Div. 318.)

By notice of motion dated the 24th day of January, 1933, returnable the thirty-first day of January, the plaintiff, one month after the close of the term in which the jury trial was had, moved to take further testimony to fix the value of the chattels.

The defendant made a cross-motion to compel the plaintiff to enter judgment upon the verdict as rendered. These motions were referred to the trial justice. He granted the motion of the

plaintiff and denied the cross-motion of the defendant as "premature" in that the verdict had not "been fully perfected."

The order entered upon the plaintiff's motion omitted reference to the affidavit of Lester E. Denonn submitted in opposition to the motion, and included in its recitals a reference to damages and the stenographer's minutes of the trial, although the notice of motion itself made no reference to damages or to the stenographer's minutes and no case had been settled and filed. The defendant by order to show cause moved to correct these alleged errors. The motion was likewise referred to the trial justice, who granted the motion with reference to the affidavit, but denied the remaining part of the motion. The defendant appeals from each of the three orders.

The appellant says that the three motions which resulted in the orders appealed from, followed soon after a serious error had been made by plaintiff at the trial which resulted in a deficiency of proof to sustain the verdict, and which, in fact, made the verdict itself defective on its face. The plaintiff failed to prove the value of the chattels but endeavored to reopen the case after the verdict has been rendered by a jury and after the end of the term and to supply the missing evidence and to correct the verdict.

At the trial there was a concession fixing the value of the Lorillard Company stock at $34,162.50 and the Borden Company stock at $10,000. The total for the two was $44,162.50, which is less than the amount of the loan, $47,500. There was no concession as to the value of the Kellogg Company stock. In order to establish its value the plaintiff. called as a witness a Mr. Burns. All of his testimony was stricken out on motion of the defendant upon the ground that it was founded on hearsay. The plaintiff also attempted to prove damages suffered due to the alleged unlawful detention of the stock, but that testimony, too, was stricken out as " an improper method of proof."

The plaintiff rested, knowing that he had not proved the value of the Kellogg stock and that there was no evidence upon which the jury could discharge its statutory duty of rendering a verdict which would include a finding as to the value of the chattels at the time of the trial. Plaintiff's attorney stated: " With the exception of proving the value of the stock of the Kellogg, plaintiff rests."

The defendant moved to dismiss upon the ground that the value of the stock properly proved was less than the amount of the loan against it, which was the fact, because the conceded value of the Lorillard and Borden stock was less than $47,500. The motion was denied. The defendant called but one witness, and both sides rested.

The jury naturally became involved in its deliberations and was finally obliged to send a request for instructions, as follows: Question: " Would a verdict for the plaintiff in full without a stipulation as to a definite sum of money be satisfactory? "

Over objection by the defendant and exception, the court charged that such a verdict would be acceptable. The jury thereafter brought in a verdict as follows: " We find for the plaintiff in full."

The defendant moved to set aside the verdict on the ground, among others, " that it is an improper form of verdict in a replevin action, in that it does not fix the value of the securities on the day specified." The motion was denied. It should have been granted, or the verdict corrected.

The court then " commanded and ordered " counsel " to determine, in accordance with stipulation entered into, the value of these stock certificates on the day that the tender was made." The defendant refused to do so because as pointed out to the court the stipulation " referred only to market quotations shown in the New York *Times*."

The plaintiff, having failed to submit evidence, although its absence had been called to his attention, and having voluntarily rested his case with knowledge of the deficiency in proof, left the case fundamentally defective in proof and the jury's verdict based as it was on no evidence at all, is necessarily defective.

After the case had been closed and the jury dismissed, the court had no power, particularly where the application was not made until after the close of the term in which the trial was had, to take to itself the functions of the jury, by opening the case for the taking of further testimony relating to the missing evidence.

It is clear that the court should have denied the motion of plaintiff to open the case for the purpose of taking further testimony and that the cross-motion of defendant to compel the entry of judgment on the verdict as rendered was properly denied.

Section 1120 of the Civil Practice Act being mandatory, the jury must fix the value of the chattels in their verdict, and if they fail to do so, the verdict is defective and the judgment entered thereon must be reversed. (*Ellis* v. *Berndt*, 223 App. Div. 421; *Barth & Co., Inc.* v. *Myers*, 236 id. 807.) The verdict here was doubly defective in that it did not award possession of the chattels to the plaintiff. (*O'Reilly* v. *Erlanger*, *supra*.)

The order of resettlement in so far as it denied the defendant's motion to delete the reference to damages and to the stenographer's minutes should be reversed and the motion granted.

The order granting plaintiff's motion to take further testimony should be reversed and the motion denied.

The order denying the defendant's motion to compel the plaintiff to enter judgment upon the verdict as rendered should be affirmed, with twenty dollars costs to the respondent.

The trial of this action having virtually resulted in a mistrial, there should be an immediate retrial. The jury, not having been properly instructed as to the proper form of a verdict, fell into error, which error may be corrected on a new trial.

O'MALLEY, TOWNLEY and GLENNON, JJ., concur; FINCH, P. J., concurs in result.

Order entered April 1, 1933, in so far as it denies defendant's motion for resettlement, reversed and the motion granted. Order of March 14, 1933, as resettled by said order of April 1, 1933, reversed, with twenty dollars costs and disbursements, and motion to permit plaintiff to offer proof as to the value of the stock, and to set a date for the computation, assessment and determination thereof, denied, and the action restored to the calendar for immediate retrial.

Order entered February 15, 1933, affirmed, with twenty dollars costs and disbursements.