Begis O’Brien, J.
Motion by plaintiff for an order (1) directing that tbe answer be stricken (2) that summary judgment be granted; and (3) that plaintiff’s alleged damages be assessed by an Official Beferee.
Cross motion by defendant, under rule 113 of tbe Buies of Civil Practice, for an order dismissing tbe complaint.
Tbe plaintiff’s complaint alleges, in part, that defendant came into possession of plaintiff’s Tilt Top Trailer on or about October 7, 1957; that on or about October 21, 1957, plaintiff duly demanded its return from defendant, wbicb defendant failed to do; that plaintiff commenced an action in replevin for tbe recovery of tbe trailer, in tbe City Court of Buffalo; that defendant rebonded tbe same and remained in unlawful possession thereof until February 7, 1959; that on or about January 15, 1959, tbe City Court of Buffalo rendered judgment in tbe replevin action in favor of tbe plaintiff and against tbe defendant “ awarding tbe plaintiff ownership and possession of tbe trailer, or if possession could not be bad, for tbe value thereof wbicb was fixed at eight hundred sixty ($860.00) dollars together with sixty four ($6400) dollars costs.”
Tbe complaint further alleges, that by reason of tbe judgment rendered by tbe City Court “ tbe issues between tbe parties became res adjudicata ’ ’, and it was conclusively decided ‘ ‘ that tbe plaintiff at all times * * * particularly on or about October 7th, 1957 was tbe rightful owner * * * of tbe trailer * * * and entitled to immediate possession of tbe same. ’ ’
Tbe complaint further alleges that “ tbe plaintiff bad been deprived of tbe use of said trailer” from October 24, 1957 to February 7,1959; also that on tbe latter date tbe defendant paid tbe plaintiff tbe sum of $860 as tbe value of tbe trailer, wbicb was fixed by tbe City Court as tbe amount to be paid to tbe plaintiff if tbe chattel itself were not delivered.
*491 The complaint also admits that court costs of $64 were paid, making the total money payment $924.
It appears from the papers that at the trial in the City Court the plaintiff’s attorney, after referring to the demand for relief, stated that plaintiff ‘‘ would like to eliminate the cause of action for wrongful detention without prejudice because this is a Court of limited jurisdiction and you couldn’t give a sum for more than one thousand dollars ’ ’.
After some discussion, plaintiff’s attorney inquired of the Trial Judge, ‘ ‘ What is your ruling on my request?”
There was more discussion in which the court stated that “ I don’t see an allegation for loss of use ” in the pleadings, to which plaintiff’s attorney replied “There is just something in the wherefore clause.” The Trial Judge responded that he would not accept that as an allegation of loss of use. However, the plaintiff’s attorney, although he had conceded that a cause of action for loss of use had been alleged, persisted in asking the Trial Judge “What is your ruling on my motion?” The court stated “ I will reserve decision”. Following the above colloquy, the plaintiff’s attorney made a motion for a directed verdict; and the defendant moved for a dismissal of the complaint. Decision was reserved on both motions. Later, the Trial Judge, on or about January 15,1959, rendered judgment pursuant to his written decision.
The judgment was for $860 (interest, $60) for the value of the trailer, $44 statute costs, and $20 court costs, or a total of $924. Later, and on or about April 17,1959, and in response to a request for clarification from plaintiff’s attorney, the Trial Judge wrote the attorneys for the litigants: “ I am of the opinion that the judgment needs no clarification. Neither the pleadings nor the proof presented any other question for my decision ”.
Relative to the motion to eliminate the cause of action for “wrongful detention without prejudice”, the Trial Judge wrote that he was “ of the opinion that a cause of action for wrongful detention was not properly alleged; there was no proof of wrongful detention.”
Reading the record leads to the conclusion that the attorney for the plaintiff took the position that the issues were divisible; therefore he proceeded with the replevin action in the City Court on the theory that an action for damages could be maintained later for the alleged damages for wrongful detention.
The defendant’s attorney stated on the argument to the Trial Judge relative to the motion to eliminate the action for damages for detention, “I believe Mr. Karnofsky wants to bring another action with the same proof ’1 to which Mr. Kar *492 nofsky replied “ Yon are darn right. If I am successful with this case, if yon will rule that the plaintiff is entitled to possession, I will bring an action for detention. ’ ’
It thus appears that the attorney for the plaintiff took a deliberate and calculated risk in pointing out to the Trial Judge that the only claim for loss of use in the complaint was set forth in the wherefore clause; also in failing to suggest an amendment to the complaint; or in submitting any proof as to alleged damages.
The plaintiff’s contentions left nothing in the way of allegations of damage to he eliminated, without prejudice, from the complaint. The reservation of decision on the motion, therefore, was meaningless.
The plaintiff has submitted the case on the theory that the issue of title and possession could be determined in one court and that a separate action for damages for wrongful detention could be carried on later, in the same or another court. Such theory is not sustainable under the law.
It should be noted that subdivision 7 of section 20 of the City Court Act of Buffalo (L. 1909, ch. 570) grants jurisdiction “ In an action to . recover one or more chattels with or without damages for the taking, withholding or detention thereof, where the value of the chattel * * * as stated in the affidavit made on the part of the plaintiff does not exceed one thousand dollars.”
In a similar situation in the City Court of New York, where the jurisdictional limitation was $3,000, it was held in a suit for a chattel, stated to be of the value of $2,052 and the damages sought for withholding to be $1,025, the demand for judgment of $3,077 was proper. The court held that it had jurisdiction (Scharfman v. May-Claire Costume Co., 133 Misc. 482).
In denying the motion to dismiss the complaint, the City Court Judge wrote (pp. 483-484): “ Replevin is a possessory action. Its object is the recovery of the property. The alternative relief of the fixation of its value and also the recovery of damages for its detention are but incidents to the primary purpose of the suit, the right of possession.”
Under the provisions of section 1123 of the Civil Practice Act (see section 56 of the City Court Act of Buffalo which makes the provisions of the Civil Practice Act, etc. applicable to proceedings, etc. in City Court), the final judgment in a replevin action “ must award to [the plaintiff] possession of the chattel recovered * * * with * * * damages, if any.” (Italics supplied.)
The well-known textbook writer “ Cobbey on Replevin ” (2d ed.), writes (p. 480): “ Damages for use must be recovered in *493 the replevin action ” (citing many authorities, see pp. 446-538, particularly p. 477). This statement of the law has been confirmed in many decisions (see Allen v. Fox, 51 N. Y. 562; Phillips v. Melville, 10 Hun 211; Retter v. Webber, 217 App. Div. 193; H. T. C. Hotel Corp. v. Royal Ind. Co., 225 App. Div. 524 and cases cited therein).
The motion of the plaintiff is denied and the cross motion of. the defendant is granted, without, costs to either party.