■ In the Matter of VILLAGE OF TUCKAHOE et al., Petitioners, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to Public Service Law § 128 to review so much of an order of the Public Service Commission, dated August 9, 1988, as denied the petitioners' application for reconsideration of so much of an order dated May 18, 1988 as, after a hearing, granted a certificate of environmental compatibility and public need for a 345-kilovolt underground electric transmission cable extending from the Sprain Brook substation of Consolidated Edison Company of New York, Inc., of Yonkers to the East Garden City substation of the Long Island Lighting Company in Nassau County.

Adjudged that the petition, insofar as it is asserted on behalf of the California Ridge Associates and Avon Association, is dismissed; and it is further,

Ordered that on the petition insofar as it is asserted on behalf of the Village of Tuckahoe, the Town of Eastchester, and the Village of Bronxville, the order dated August 9, 1988 is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the petitioners.

California Ridge Associates and Avon Association did not petition for reconsideration of the order dated May 18, 1988, and thus have no standing to seek judicial review of the order dated August 9, 1988, since they are not aggrieved within the meaning of Public Service Law § 128 (1). Therefore, the petition insofar as it is asserted in their behalf is dismissed.

In July 1984 the New York State Legislature determined that a new underground electric transmission line was necessary to supply Long Island with electricity from upstate sources, and it amended Public Service Law article VII to foreclose, as unnecessary, consideration by the Public Service Commission of the question of need, and whether the proposed facility was in the public interest or convenience *(see,* Public Service Law § 126 [2]).

In February 1987 the Power Authority of the State of New York (hereinafter PASNY) submitted an application to the Public Service Commission for approval of construction of an

underground transmission cable which, *inter alia,* transverses residential and commercial areas in Westchester County before continuing under the waters of Long Island Sound to reach Nassau County. Following public hearings, the Public Service Commission determined, *inter alia,* that PASNY's preferred route creates the least adverse environmental impact and is preferable to the petitioners' proposed route known as the "Parkways Alternative". The "Parkways Alternative" would avoid residential and commercial areas in Westchester County and would, instead, utilize the Sprain Brook, Bronx River, and Cross County Parkways.

The evidence at the hearing supports the finding that the certified route minimizes visual impact, noise impact, and land use and transportation impact, because the duration of any construction activity at any one location would be short term. On the other hand, the "Parkways Alternative" would entail significant problems with traffic safety, engineering and construction. Even the petitioners' primary witness admitted that the "Parkways Alternative" conflicts with State highway policies. There was also testimony supporting the finding that the "Parkways Alternative" would create increased delay and costs. Thus, substantial evidence supports the determination of the Public Service Commission that the "Parkways Alternative" is not feasible, would seriously disrupt traffic and affect significant numbers of people over longer periods of time, and poses the danger of greater environmental impact than the certified route, which has the minimum adverse environmental impact (Public Service Law § 126 [2]; § 128 [2]; *see also, Matter of County of Orange v Public Serv. Commn.,* 44 AD2d 103, 105, *mod on other grounds* 37 NY2d 762, 764).

The municipal petitioners also raise various procedural claims. The Administrative Law Judge and the Public Service Commission properly required the municipalities to furnish a report prepared by their primary witness on the "Parkways Alternative". The qualified privilege covering materials prepared for litigation was waived with respect to those portions of the report which were photocopied and included in prefiled testimony. Further, that document constituted the sole report on the "Parkways Alternative", and the Public Service Commission showed substantial need for the materials and an inability, without undue hardship, to obtain the substantial equivalent of the material by other means *(see,* CPLR 3101 [d] [2]; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.44, at 31-158; *Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733; *Castro v Alden Leeds, Inc.,* 116 AD2d 549).

Moreover, by refusing to participate in the hearing held in October 1987, the petitioners waived their right to cross-examine witnesses at that hearing (see, Bradley v Mirick, 91 NY 293, 296; Richardson, Evidence § 489, at 475 [Prince 10th ed]). The Public Service Commission subsequently reopened the hearing in the exercise of its discretion to elicit new testimony on the "Parkways Alternative", and not for the purpose of eliciting further testimony from witnesses who previously testified (see, 16 NYCRR 2.8 [a]; cf., Seguin v Berg, 260 App Div 284, 285-286; Kram v Manufacturers Trust Co., 238 App Div 680, 682-683). The Public Service Commission was under no duty to require the Administrative Law Judge to issue another recommended decision after reopening the hearing (see, 16 NYCRR 2.7 [b]).

The Public Service Commission properly refused to disclose certain information requested by the municipalities, as that information constituted predecisional memoranda exempt from disclosure under the New York State Freedom of Information Act (see, Public Officers Law § 89 [5] [e]; § 87 [2] [g] [i]-[iv]; Matter of Miracle Mile Assocs. v Yudelson, 68 AD2d 176, 179; Matter of McAulay v Board of Educ., 61 AD2d 1048, 1049).

In sum, the Public Service Commission's rulings were not flawed by any procedural or due process violation (see, Public Service Law § 128 [2]).

We have considered the remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.