[No. 5287. Decided December 8, 1904.]

THE STATE OF WASHINGTON, *Appellant,* v. ED. NELSON *et al., Respondents.*[1]

CRIMINAL LAW—BURGLARY—ATTEMPTS—LIEN OF LIVERY STABLE KEEPER—GENERAL OWNER DEPRIVING KEEPER OF SPECIAL PROPERTY—INFORMATION—SUFFICIENCY. An information charging the owner of horses with unlawfully breaking and entering the livery and boarding stable wherein they were kept by another, who had a valid lien upon and special property in the horses for his charges in feeding and caring for them, with intent to fraudulently and feloniously take the horses from and to deprive such keeper of his lien and the amount due him, which is specified, is not demurrable for want of sufficient facts to state an offense, since the lien of the keeper is property in himself secured by his possession, of which the general owner was attempting to feloniously deprive him.

Appeal from a judgment of the superior court for Okanogan county, Martin, J., entered May 10, 1904, upon sustaining a demurrer to an information, dismissing a prosecution for burglary. Reversed.

*E. K. Pendergast,* for appellant.

Reported in 78 Pac. 790.

HADLEY, J.—This action was commenced by the filing of an information containing the following averments and charges, viz.:

"Comes now E. K. Pendergast, prosecuting attorney in and for Okanogan county, state of Washington, and by this information does accuse one Ed. Nelson and one Jane Nelson (the true Christian name of said Jane Nelson being to said prosecuting attorney unknown) with the crime of burglary committed as follows, to wit: He, the said Ed. Nelson and she, the said Jane Nelson, whose true Christian name is to said prosecuting attorney unknown, in the county of Okanogan, state of Washington, on or about the 29th day of December, A. D. 1903, did then and there unlawfully, feloniously, and burglariously break and enter a certain stable, then and there in the actual and lawful possession of one W. W. Alderman, with the intent then and there, and therein, fraudulently, unlawfully, and feloniously to take from the possession of said W. W. Alderman, two horses, to wit: two geldings of the value then and there of thirty dollars each, and each and both of said geldings were then and there in said stable deposited with and entrusted to the care and keeping of said W. W. Alderman, by the owner thereof for the purpose of being fed and cared for in said stable, and said stable was then and there a livery and boarding stable, and said W. W. Alderman was then and there the keeper of said livery and boarding stable, and said geldings and each of them were then and there held in said stable by said W. W. Alderman for security for the payment of the amount then and there due said W. W. Alderman for feeding and caring for said geldings, to-wit: the sum of four dollars for each of said geldings, for which said sum said W. W. Alderman then and there had a valid and existing livery and boarding stable keeper's lien on each of said geldings; and the said Ed. Nelson and Jane Nelson, whose true Christian name is to said prosecuting attorney unknown, did then and there unlawfully and feloniously and burglariously break and enter said stable with the intent then and there to take each

and both of said geldings from the possession of said W. W. Alderman, without his consent and against his will, with the intent then and there to deprive the said W. W. Alderman of the value of his said lien and the amount so due him for the feeding and caring for said geldings and each of them, and to appropriate said geldings and each of them to the use of said Ed. Nelson and said Jane Nelson, and the said Ed. Nelson was then and there the owner of each and both of said geldings, subject to said lien, and neither of said geldings had been theretofore stolen stock, contrary to the statute in such case made and provided and against the peace and dignity of the state of Washington."

The defendants demurred to the information, for the alleged reason that it does not state facts sufficient to constitute any crime, misdemeanor, or offence, under the laws of the state of Washington. The demurrer was sustained, and judgment was entered dismissing the action. The state has appealed.

The crime intended to be charged is that of burglary committed by an unlawful breaking and entering, with an intent to commit a crime, under the terms of § 1606, Pierce's Code, and § 7104, Bal. Code. The acts charged in the information amounted to a burglarious entry, with intent to commit larceny, unless the element of ownership as alleged negatives the criminal intent. It will be observed that the information charges that the geldings were owned by one of the defendants, and it appears to have been the view of the trial court that one cannot steal property of which he is the owner. Such is, no doubt, true when the property is rightfully under the owner's immediate dominion and control; but one may be the general owner of a chattel, while another may have a special interest or property in it, together with the right to its immediate possession. The facts alleged in the information show that the keeper of the

livery barn had such a special property in these animals, and that he was entitled to their possession. Sections 6146, 6147, Pierce's Code, and §§ 5971, 5972, Bal. Code. He was interested in the animals to the extent of the value of the feed he had furnished them, and the care he had given them. The theory of the law is that he had added that much to the value of the owner's property, and that added value became property in himself, secured by the possession of the animals. To have taken the animals from him, under the fraudulent and unlawful circumstances alleged in the information, would have been to feloniously deprive him of his property.

"While one cannot, generally speaking, steal that which is his own, and it has been declared that this is the rule without qualification, yet it is well settled that a chattel, the general ownership of which is in one person, may be in the possession of another by virtue of some special right or title, as bailee or otherwise, so that a taking by the general owner from the person in possession will be larceny, if done with the felonious intent of depriving such person of his rights or charging him with the value of the chattel." 18 Am. & Eng. Enc. Law, p. 499 (2d ed.).

A number of English and American decisions are cited in support of the above text, and we need not further refer to them. We think the court erred in sustaining the demurrer to the information. The judgment is therefore reversed, and the cause remanded, with instructions to the lower court to overrule the demurrer.

FULLERTON, C. J., and MOUNT, DUNBAR, and ANDERS, JJ., concur.