## HALL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 6, 1921.)

No. 5709.

1. **Indictment and information** ⊙⟹110(18)—**Indictment for taking from railroad car goods constituting interstate shipment may be in language of statute.**

Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to taking from a railroad car goods constituting interstate shipment, fully defines the offense charged,

and it is sufficient for the pleader to describe the offense in the language of the statute.

2. **Criminal law ☞970(5)—Motion in arrest reaches only defects of substance.**

Motion in arrest of judgment reaches only defects in the indictment which are in matter of substance, and not those which are of form; it being sufficient that the indictment is sufficient to support the verdict.

3. **Larceny ☞34—Indictment for taking interstate shipment from railroad car need not show manner of taking.**

An indictment under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to taking from a railroad car goods constituting interstate shipment, need not show the manner of taking and carrying away of the property described.

4. **Criminal law ☞444—Waybills held admissible in prosecution for taking interstate shipment.**

. In trial for violating Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to taking from a railroad car goods constituting interstate shipment, waybills made out from markings on the shipment by the express messenger and identified by him *held* admissible as tending to show interstate shipment, there being evidence that, where a waybill is not made out for express matter at the point of shipment, it is customary for the messenger on the train or the agent at point of destination to make it out.

5. **Criminal law ☞1170½(1)—Witnesses ☞383—Impeachment on immaterial issue held improper, but not prejudicial.**

In trial for violating Act Feb. 13, 1913, § 1 (Comp. St. § 8603), by taking from a railroad car whisky constituting interstate shipment, it was error to ask accused if he had not made a trip to another town to buy whisky, and on his negative reply to show by stenographic notes that he had testified at a former trial that he had gone there for that purpose, accused not being on trial for violating any law regulating the sale or transportation of liquor; but the error *held* not prejudicial.

6. **Criminal law ☞1163(1)—Burden on accused to show prejudice.**

On writ of error, the burden is on accused to show that error was prejudicial.

7. **Larceny ☞33—Proper to describe car as belonging to railway during period of federal control.**

In indictment for violating Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to taking from a railroad car goods constituting interstate shipment, it was proper to describe a car from which the taking was committed as belonging to a railway company, even though the transaction occurred during the period of federal control.

8. **Larceny ☞9—No defense that accused owned the property where bailee had lawful possession.**

. In trial for violating Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to taking from a railroad car goods constituting interstate shipment, it was no defense that accused owned the property in question, where it was being shipped C. O. D., as, the property being in the possession of the carrier as bailee, the owner had no right to take the property without satisfying the bailee's lien for charges.

9. **Larceny ☞60—Not necessary to show shipper's contract in trial for taking interstate shipment.**

In trial for violating Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to taking from a railroad car goods constituting interstate shipment, it was not necessary to show a contract between the shipper and the carrier involving a delivery of goods by the shipper and an acceptance by the carrier, but a shipment in interstate commerce was sufficiently shown by waybills, together with the fact that shipments were made and accepted by the express company from whose possession it was charged the

property was taken and transported by it through arrangement with the carrier, the United States.

**10. Indictment and information ⟜199—Variance may be waived at trial.**

A variance between indictment and proof may be waived orally at the trial by defendant's counsel.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Harry S. Hall was convicted of an offense, and he brings error. Affirmed.

M. C. Spicer, of Socorro, N. M., for plaintiff in error.

George R. Craig, U. S. Atty., of Albuquerque, N. M., and Henry G. Coors, Jr., Sp. Asst. Atty. Gen., for the United States.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

CARLAND, Circuit Judge. [1-3] Plaintiff in error, hereafter defendant, was convicted and sentenced upon each of three counts of an indictment charging violations of section 1, Act Feb. 13, 1913, 37 Stat. 670 (Comp. St. § 8603). The counts of the indictment were in the same language except as to the consignee and the property alleged to have been taken. The first and second counts named the Hall Hotel, Magdalena, N. M., as consignee. The third count named Harry S. Hall, Magdalena, N. M., as consignee. The first and second counts described the property taken as one barrel containing whisky. The third count described the property taken as one trunk containing whisky. The first count was in the following language:

"On May 29, 1919, at, to wit, the county of Socorro, state and district of New Mexico, one Harry S. Hall and one E. J. Walters, whose Christian name is to the grand jurors unknown, did unlawfully and feloniously take and carry away from a certain railroad car, to wit, Atchison, Topeka & Santa Fé combination baggage and express car No. 3205, certain goods, to wit, one barrel containing whisky, said goods then and there constituting an interstate shipment of express, to wit, a shipment of express from Kansas City, in the state of Missouri, to the Hall Hotel, Magdalena, N. M., with intent then and there on the part of them, the said Harry S. Hall and E. J. Walters, to convert said goods to their own use."

Counsel for defendant attacked the indictment in the court below by motion in arrest of judgment. It was by said motion insisted that the indictment failed to state facts sufficient to constitute a public offense under the laws of the United States in this: (a) The manner of the taking and carrying away was not shown; (b) the defendant was not apprised by the indictment of the nature and cause of the accusation against him; (c) it did not appear from the indictment that the defendant did not have the right in law to take and carry away the property mentioned and to convert the same to his own use; (d) that it appeared said property was shipped to himself and intended for himself for his own use; (e) the indictment did not charge fraud or deception in the procurement of the property or in taking and carrying the same

away. Section 1 denounces several offenses. One of them is described as follows:

That "whoever shall * * * unlawfully take, carry away, * * * from any railroad car, * * * with intent to convert to his own use any goods or chattels * * * which constitute an interstate * * * shipment of * * * express * * * shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both."

We are of the opinion that the statute fully defines the offense charged and that it was sufficient for the pleader to describe the offense in the language of the statute. Doe v. U. S., 253 Fed. 903, 166 C. C. A. 3; Potter v. U. S., 155 U. S. 438, 15 Sup. Ct. 144, 39 L. Ed. 214; U. S. v. Gooding, 12 Wheat. 460, 6 L. Ed. 693; U. S. v. Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520; Burton v. U. S., 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Bloch v. U. S. (C. C. A.) 261 Fed. 321; Dunbar v. U. S., 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390; Horn v. U. S., 182 Fed. 721, 105 C. C. A. 163; Ledbetter v. U. S., 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; Smith v. U. S., 157 Fed. 721, 85 C. C. A. 353; Rosen v. U. S., 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Montoya v. U. S. (C. C. A.) 262 Fed. 759; section 1025, R. S. U. S.[1] The motion in arrest would only reach defects of the indictment in matter of substance, and not of form. So far as the offense charged in the indictment is concerned, the statute does not require that the possession of the property taken shall be accomplished by fraud or deception. It does not appear from the face of the indictment that the property was shipped by defendant to himself for his own use, whatever might be the effect of such a situation. Neither does it appear that defendant had the right to take and carry away the property described in the indictment. The indictment fully apprised defendant of the nature and cause of the accusation against him. It was not necessary that the indictment show the manner of taking and carrying away of the property in question. The indictment is sufficient to support the verdict, and therefore is good on motion in arrest.

[4-10] It is next objected that the trial court erred in admitting in evidence Exhibit No. 1, offered by the United States. Exhibit No. 1 was the original waybill made by the American Railway Express Company covering the shipment described in the first count of the indictment. It is claimed that there was no foundation laid for its introduction and no evidence that the barrel shipped at Kansas City, Mo., was the same barrel claimed to have been taken from the car at Socorro, N. M. We are clearly of the opinion that the testimony of Mary Halpin, waybill clerk of the American Railway Express Company at Kansas City, Mo., together with the testimony of C. C. Baldwin, express messenger for said company running between La Junta, Colo., and El Paso, Tex., Engel, agent for the company and the Atchison, Topeka & Santa Fé Railway at Socorro, N. M., Stakpole, helper at the same place, Anderson, night clerk of the Hall Hotel at Magdalena, N. M., Cronin, who testified as to the declarations and acts of defendant at Socorro on the night of May 29, 1919, and Sullivan, express agent at Magdalena, N. M., clearly rendered Exhibit 1 admissible as tending

[1] Comp. St. § 1691.

to show an interstate shipment of express. Similar objections were made to the admission of the United States Exhibits 2 and 3. These were the substitutes or over waybills covering the barrel and trunk mentioned in counts 2 and 3 of the indictment. The evidence shows that, where a waybill is not made out for express matter at the point of shipment, it is the custom for the messenger on the train or the agent at the point of destination to make it out. In the present case the waybills under consideration were not made out at Kansas City, Mo., but were made out from markings on the barrel and trunk by Baldwin, the express messenger, and were identified by him. Baldwin received the barrel and trunk from Shirley, the express messenger having charge thereof from Kansas City, Mo., to La Junta, Colo. The Exhibits were clearly admissible together with the other evidence in the case as tending to show an interstate shipment. It is next contended that the trial court erred in permitting the United States to attempt to impeach the testimony of the defendant on an immaterial issue. This alleged error arose in this way: On the trial of the defendant he was asked by counsel for the United States about a trip he had made to Gallup, N. M., with one Walters, and in regard to the purpose for which said trip was made. Defendant testified that he had gone to Gallup at the request of Walters. He was then asked if the object of the trip was not to buy whisky. Defendant answered, "No, sir." Counsel for the United States then offered over the objection of counsel for the defendant the stenographic notes of a former trial for the offense charged in the indictment, which stenographic notes showed that defendant had testified at the former trial that he had gone to Gallup on the request of Walters to buy Indian rugs and whisky. The only matter tending to impeach the evidence of the defendant was that on the former trial he had testified that he had gone to Gallup for the purpose of buying whisky, and at the present trial he had testified that he had not gone for that purpose. The evidence, we think, was clearly inadmissible, but it does not appear that the defendant was prejudiced in any way by the admission of the testimony. The defendant was not on trial for a violation of any law regulating the sale or transportation of intoxicating liquor. The burden was on the defendant to show that the error was prejudicial. Rich v. U. S. (C. C. A.) 271 Fed. 566; Trope v. U. S. (8th Cir.) 277 Fed. 348, filed October 21, 1921. It is next claimed that the evidence is insufficient to sustain the verdict. This question was not raised in the court below, but we have decided to consider it. Counsel for defendant specifies four reasons why the evidence is insufficient: (a) The indictment charges that the goods were taken from a car of the Atchison, Topeka & Santa Fé Railway. This court will take judicial notice that at the time of the alleged taking said railway was being operated by the United States, and therefore the railway was not engaged in interstate commerce. In regard to this contention it may be said that the indictment does not charge that the railway was engaged in interstate commerce, but that the barrels in the first and second counts of the indictment and the trunk in the third count constituted an interstate shipment of express from Kansas City, Mo., to Magdalena, N. M. The evidence shows that the property was in

the possession of the American Railway Express Company, being carried from Kansas City, Mo., to Magdalena, N. M., in a car of the Atchison, Topeka & Santa Fé Railway. If we should take judicial notice that the railway was being operated by the United States at the time in question, this would not show that the United States owned the car. The car belonged to the Atchison, Topeka & Santa Fé Railway Company, and it was proper to describe the car as the property of the railway company. Bloch v. U. S. (C. C. A.) 261 Fed. 321–323; Vaughn v. State, 17 Ala. App. 35, 81 South. 417; Jackson v. State, 17 Ala. App. 197, 84 South. 394. (b) It appears from the evidence that the property belonged to the defendant, and therefore he could not convert it to his own use. In regard to this contention it may be said that, assuming, but not deciding, that the evidence showed that the property belonged to defendant, it also shows that it was in the possession of the American Railway Express Company, being carried between the points mentioned, and the waybills showed that it was shipped charges for transportation C. O. D. The property therefore was in the possession of the express company as bailee, and the owner had no right to take it from the possession of the bailee without satisfying its lien for charges. 17 R. C. L; 25 Cyc. 32; Kambeitz v. U. S. (C. C. A.) 262 Fed. 378; A., T. & S. F. Ry. v. Hinsdell, 76 Kan. 74, 90 Pac. 800, 12 L. R. A. (N. S.) 94, 13 Ann. Cas. 981; 10 Corpus Juris. 456; State v. Nelson, 36 Wash. 126, 78 Pac. 790, 68 L. R. A. 283, 104 Am. St. Rep. 945. (c) Under this head it is contended that the evidence does not show a contract between the shipper and the carrier involving a delivery of the goods by the shipper and an acceptance by the carrier. Such a showing might be necessary where the shipper is seeking to charge the carrier for the loss of goods shipped, but no such showing was necessary in the present case. The waybills introduced in evidence together with the fact that the shipments were made and accepted by the express company and transported by it through arrangement with the carrier, the United States, sufficiently shows a shipment in interstate commerce. (d) It is claimed that there was a fatal variance between the indictment and the proof in regard to the number of the car. The indictment charged the number of the car to be 3205. The evidence showed that the property was taken from car No. 2305, but counsel for the defendant, Mr. Renehan, at the trial expressly waived this variance by saying: "We waive the variance so as not to cause a possible dispute as to whether it is a variance."

There being no prejudicial error apparent upon the record, the judgment below must be affirmed; and it is so ordered.