44   New York Yellow Cab Co. S. A., Inc., *v.* C. G. & R. Corp.

First Department, March, 1928.                    [Vol. 223

New York Yellow Cab Co. Sales Agency, Inc., Appellant, *v.* Courtlandt Garage and Realty Corporation, Respondent, Impleaded with Camp Taxicab Co., Inc., and Others, Defendants.

First Department, March 2, 1928.

Replevin — verdict — plaintiff is chattel mortgagee of certain taxicabs in possession of defendants — default in payment of mortgages occurred — defendant garage company claimed lien under Lien Law, § 184 — verdict which failed to fix value of chattels at time of trial or give reason for failure is defective under Civil Practice Act, §§ 1120 and 1121 — judicial notice taken of depreciation in value during three and one-half years — rights of garage company not affected by prior judgment foreclosing lien in Municipal Court.

The plaintiff has recovered a judgment in an action to replevy certain taxicabs which were sold by it to certain defendants and on which it took back chattel mortgages. The mortgagors having defaulted in the payment of the mortgages, the plaintiff brought this action to recover the taxicabs on which the defendant garage company claims a lien under section 184 of the Lien Law.

The judgment in favor of the plaintiff must be reversed and a new trial granted, since it appears that the defendant garage company has a special property in the taxicabs and that there was a failure to fix the value of the various chattels at the time of the trial as provided by section 1120 of the Civil Practice Act and a failure to give any reason why the value was not fixed as provided by section 1121 of the Civil Practice Act.

The value referred to in the statute means the value at the time of the trial and not at the time of seizure. Especially is this true where as in this case the seizure was made more than three years before the trial.

The court takes judicial notice that in three and one-half years the taxicabs depreciated in value even though no change is shown in their condition during such time.

The defendant garage company's rights were not in any way affected by a prior judgment in its favor in the Municipal Court of the City of New York, foreclosing its lien.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of February, 1927.

*Samuel H. Hofstadter* of counsel [*H. H. Nordlinger* and *Harold Riegelman* with him on the brief; *Nordlinger & Riegelman*, attorneys], for the appellant.

*Frank Aranow* of counsel [*Sumner L. Samuels* with him on the brief; *Kaplan, Kosman & Streusand*, attorneys], for the respondent.

O'Malley, J.   The plaintiff replevied taxicabs which it had sold to various defendants herein, and on which it had taken chattel mortgages. Defaults under these mortgages had occurred. The defendant garage company asserted a lien against the cabs pursuant

to the provisions of section 184 of the Lien Law.* A new trial must be ordered for reasons presently to be noted.

Default having been made in payments called for by the chattel mortgages, the plaintiff was at the time of the commencement of the action the general owner of the mortgaged articles. (*Harrison v. Hall*, 239 N. Y. 51.) The respondent garage company's claim being in the nature of a garage keeper's lien, it had a special property in the articles covered by the various chattel mortgages, the subject of the replevy.

The verdict below was improper in that it failed to fix the value of the various chattels at the time of the trial as provided for in section 1120 of the Civil Practice Act, and likewise because it failed to give any reason why such value was not so fixed as provided for in section 1121 of the Civil Practice Act. These and the subsequent sections (Civ. Prac. Act, §§ 1120–1124) are *in pari materia*. They must, therefore, be construed together, so as to reach a consistent and harmonious result. (*Beebe* v. *Estabrook*, 79 N. Y. 246, 253; *Van Cleaf* v. *Burns*, 118 id. 549, 555.)

The value of the replevied chattels referred to in these sections means the value at the date of the trial, and not at any other time. (*New York Guaranty & Indemnity Co.* v. *Flynn*, 55 N. Y. 653; *Allen* v. *Fox*, 51 id. 562, 565; *Gilroy* v. *Everson-Hickok Co.*, 103 App. Div. 574.) Value at the time of the seizure will not suffice, especially in a case such as this, where the seizure took place in May, 1923, and trial was held December 6, 1926. The chattels herein were taxicabs and we must take judicial notice that in this three and a half year period their value must, of necessity, have decreased. We may not assume that, since no change has been shown in their condition from such time, their value remained unchanged from the date of the levy. (*Gilroy* v. *Everson-Hickok Co., supra.*) The fixing of the value as of the time of the trial might be pertinent in an action brought hereafter on the bond given for the order of replevy.

We do not think that the garage company's rights herein were affected by a prior judgment in its favor for the foreclosure of its liens in the Municipal Court.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dowling, P. J., Finch, McAvoy and Martin, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

---

* Since amd. by Laws of 1926, chap. 373.— [Rep.