No. 28,081.

THE STATE OF KANSAS, *Appellee*, v. LEONA HUBBARD, *Appellant*.

(266 Pac. 939.)

Opinion filed May 5, 1928.

*Dennis Madden, C. B. Griffith* and *J. B. Cross*, all of Topeka, for the appellant.

*William A. Smith*, attorney-general, and *Paul H. Heinz*, county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Leona Hubbard was convicted of the larceny of an automobile of the value of $1,000 and appeals.

She contends that the denial of her motion to quash the information was error. The information alleged:

"That Leona Hubbard, at the county of Shawnee in the state of Kansas and within the jurisdiction of this court, on the —— day of February, A. D. 1927, did then and there unlawfully, feloniously and willfully take, steal and carry away, and convert to her own use, one certain Nash sedan automobile, serial No. 70754, said property being held by Orville Sheffer as a pledge to him and under his control, said property being of the reasonable value of $1,000, contrary to the statute in such cases made and provided and against the peace and dignity of the state of Kansas."

Defendant contends that the information was defective in that it did not fully define a pledge and state more fully the nature of it. The meaning of the term is not open to dispute. It is a delivery of property as security for a debt or other engagement, by which the pledgee acquires a special interest or ownership in the thing pledged, the general ownership remaining in the pledgor. The pledgee obtains more than a simple lien, as he has possession and is in a sense a bailee who is entitled to hold possession until the obligation which it was given to secure has been discharged. We think the information was sufficient. The defendant could not have been misled as to the nature of the charge, and besides she had learned the claims of the state in respect to the charge at the preliminary examination.

The testimony tended to show that the defendant pledged the car to O. A. Sheffer for money advanced and legal services rendered. The defendant had previously been arrested for another offense. She employed Sheffer, who advanced $120 in connection with that litigation, and for this sum and for legal services rendered in her behalf the pledge was made and the car delivered into Sheffer's possession. It was shown that the defendant, with some assistance, took the car from Sheffer's possession without his knowledge or consent. It is contended that the court misconceived the nature of the charge and did not give proper instructions to the jury. Complaint is made of instruction number three which, after stating that the offense might be committed by feloniously taking and carrying away property belonging to another, proceeded as follows:

"By the term 'belonging to another' as used in the foregoing instruction, it is not intended to mean that the property must be owned by or the title be in such other person. It would be sufficient if such other person had obtained possession from the owner of such property as a pledge or as security for indebtedness with a right to hold the same until such indebtedness was satisfied. In other words, one who holds property by the consent and agreement of the owner as a pledge, or as security for the payment of indebtedness, has such title in such property while so possessed that it could be said to belong to him within the meaning of the statute, and the unlawful stealing or taking of such property would constitute a larceny even if such stealing or taking was committed by the owner thereof."

The complaint is that it did not properly present the subject of intent and that this should have been done in view of the testimony offered by her of an effort to settle with Sheffer before the automobile was taken, which it is insisted tended to show that there was no

intent to defraud Sheffer. In other instructions the court advised the jury that one of the necessary elements of the crime charged against the defendant was the taking of the property by her with a felonious intent, and that if she wrongfully and feloniously took the automobile from the pledgee and from his possession without his knowledge and consent, it would constitute larceny.

The testimony sufficiently shows that the defendant pledged the car to Sheffer, as already stated, and that later she with some assistance took the car from Sheffer's possession without his knowledge or consent. The fact that defendant was the general owner of the car did not justify her in taking it from the pledgee to whom she had given a special ownership, including the possession. Something is said by defendant of the common-law rule that a man cannot steal his own property, and it is argued that if defendant was prosecuted upon the theory that she was the general owner of the automobile, and as she had produced evidence that she had tried to settle with Sheffer, there necessarily was no intent to defraud him, which it is said was the gravamen of the offense. Under ordinary circumstances a person cannot commit a larceny by taking possession of his own property, but if the general owner has transferred a special interest or ownership to another, the taking of the possession of the property from the other, with the intent to deprive him of his rights and interest, may constitute larceny. In *Railway Co. v. Hinsdell*, 76 Kan. 74, 90 Pac. 800, the court said:

"It is familiar law that larceny may be committed by the wrongful taking of property by its general owner from the possession of one who has a lien upon it. (18 A. & E. Encycl. of L. 499.)" (p. 77.)

The charge of the court, in its entirety, fairly presented the case to the jury.

There is a criticism that parts of the charge are conflicting and prejudicial. In the fifth instruction the jury were told in effect that if the automobile was the property of her son Frank Robinson (which was one of defendant's claims) at the time the pledge was made, the defendant had no authority to pledge his property, and if that was found to be the case she should be acquitted. The sixth instruction advised the jury in substance that if the defendant aided and abetted another in the commission of the offense charged, she would be guilty of larceny, the same as if she alone had committed the offense. We see no conflict or cause for complaint of these in-

structions. The fifth was given to meet a phase of defendant's testimony that the pledge was ineffective because it was not hers to pledge. The sixth instruction related to another branch of the case, namely, the fact that a man named J. J. Robinson participated with the defendant in the wrongful taking of the pledged car. There is nothing substantial in the contention of defendant as to the charge to the jury.

Some requests for instructions were made by defendant, but, as stated, we think the case was properly submitted.

Another assignment of error is that O. A. Sheffer, the attorney to whom the pledge was given, was allowed to give a statement made by defendant to him relating to the commission of another offense, and it is contended that it was a privileged communication and not admissible. The statement was that, "It would be worth $100 to her not to face the county attorney at the hearing of the case, for the reason she had committed abortion and that the officers had caught her in the act." This was brought into the trial by the defendant's counsel by an inquiry as to a part of the statement and the prosecution only asked for the remainder of the statement which was all embraced in a single sentence. Defendant having brought it out waived any objection that there might have been to the question by the state, asking for the whole of the statement.

There is complaint of the conduct of the county attorney in referring, in his argument to the jury, to the matter of abortion. The defendant has little cause for complaint, since she brought the matter into the trial, but even if it was not justified, it appears the court struck out the remark and instructed the jury to give it no consideration. Under the circumstances it does not constitute a ground of reversal.

Another complaint is that a new trial was not granted, which was asked on the ground of accident and surprise, because J. J. Robinson, one of defendant's witnesses, was not present at the trial although he had agreed to come, and would have come except for illness. The showing of diligence to obtain the evidence was insufficient, and besides no continuance was asked by the defendant because of the absence of the witness.

Some other matters are called to our attention, but we see nothing in them to require special comment.

The judgment is affirmed.