WILLIAM S. WEBB, Respondent, v. SEYMOUR CONSTRUCTION COMPANY, INC., and ISAAC M. ROSENFELD, Appellants.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

CHRYSTINA WRIGHT, as Administratrix, etc., of CHARLES WRIGHT, Deceased, Appellant, v. ANGELO DI MILIA and JOSEPHINE DI MILIA, Respondents.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, requiring defendants to give the particulars demanded, or if they are not in possession of such particulars, to so state and likewise to state that they intend to rely upon the testimony of the plaintiff's witnesses on the issue of contributory negligence. (*Dunson* v. *Kirtland*, 235 App. Div. 854.) The particulars, or the statement in lieu thereof, shall be served within five days from the entry of the order herein. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

BEN TERNER and JACOB TERNER, Suing for Themselves as Stockholders and Directors and All Other Stockholders of GLICKSTEIN & TERNER, INC., etc., Respondents, v. EDWARD GLICKSTEIN and Others, Appellants.— Motion for reargument granted. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ. On reargument, motion for stay denied on condition that plaintiffs stipulate to proceed with the discovery before an official referee on five days' notice; otherwise, motion for stay granted. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

L. BARTH & COMPANY, INC., Respondent, v. FRANCIS A. MYERS and ELLIS A. TAYLOR, Appellants.— Judgment reversed on the law and a new trial granted, costs to abide the event. The plaintiff failed to produce any evidence as to the value of the chattels of which it was adjudged to be entitled to possession. There is no evidence to support finding of fact twenty-first or conclusion of law 4 of the decision. Section 1120 of the Civil Practice Act required in the present case that the decision should fix the value of the chattels at the time of the trial, and this required evidence of their value at such time. This provision is mandatory. (*Ellis* v. *Berndt*, 223 App. Div. 421.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

DOROTHY BATTALY, an Infant over the Age of Fourteen Years, by JOHN BATTALY, Her Guardian ad Litem, Respondent, v. GEORGE COFFIN, Appellant.— Judgment and order of the City Court of Yonkers unanimously affirmed, with costs. A cause of action, the subject-matter of which is within the general provisions of title 1, chapter 416, Laws of 1893, as amended by chapter 852, Laws of 1930, including section 2, subsection [subdivision] 3, relating to jurisdiction of the City Court of Yonkers, is, so far as parties are concerned, likewise within that jurisdiction if they come within either subdivision [paragraph] " a " or subdivision [paragraph] " b " of subsection [subdivision] 3. Here the requirements as to residence of defendants in subdivision [paragraph] " a " are met. Hence the City Court had jurisdiction over the subject-matter and the person. This interpretation effectuates the legislative purpose respecting enlargement of territorial jurisdiction of the City Court. Moreover, there was a waiver of jurisdiction of the person in this action. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.