JEFFERSON TITLE AND MORTGAGE CORPORATION, Respondent, *v.* ELIZABETH B. DEMPSEY et al., Appellants, Impleaded with Others.

(Argued January 9, 1935; decided January 22, 1935.)

192

*John B. Doyle, Harold Swain* and *William A. Jones, Jr.,* for appellants. Usury was indisputably established. (*London* v. *Toney,* 263 N. Y. 439; *Sabine* v. *Paine,* 223 N. Y. 401; *Salvin* v. *Myles Realty Co.,* 227 N. Y. 51; *Woodard* v. *Madsen,* 127 Misc. Rep. 19; 218 App. Div. 832; *Fiedler* v. *Darrin,* 50 N. Y. 437; *Schanz* v. *Sotscheck,* 160 App. Div. 798; *Bank of Salina* v. *Alvord,* 31 N. Y. 473; *New York Firemen's Ins. Co.* v. *Ely,* 2 Cow. 678; *Heidenheimer* v. *Mayer,* 42 N. Y. Super. Ct. 506; 74 N. Y. 607; *Mortgage Guarantee Co.* v. *Patch,* 116 Cal. App. 584; *Haynes* v. *Commercial Mortgage Corp.,* 254 Pac. Rep. 956.) Plaintiff's written tender and offer to return certain moneys out of the amount reserved and received on making the loan was an admission, acknowledgment and confession that the transaction was tainted with usury and, therefore, void. (*Jackson* v. *Packard,* 6 Wend. 415; *Bell* v. *Lent,* 24 Wend. 230; *People ex rel. Cossey* v. *Grout,* 179 N. Y. 417; *London Realty Co.* v. *Riordon,* 207 N. Y. 264; *Sabine* v. *Paine,* 223 N. Y. 401; *London* v, *Toney,* 263 N. Y. 439; *Roosevelt* v. *N. Y. & H. R. R. R. Co.,* 45 Barb. 554; *Eaton* v. *Wells,* 82 N. Y. 576; *Mann* v. *Sprout,* 185 N. Y. 109; *Jacobson* v. *Brooklyn Lumber Co.,* 184 N. Y. 152.) Plaintiff's tender under section 376 of the General Business Law (Cons. Laws, ch. 20) was ineffective to avoid the defense of usury. (*Matter of Baker,* 77 Misc. Rep. 90; *People* v. *Young,* 153 App. Div. 567;

207 N. Y. 522; *Curtiss* v. *Teller*, 157 App. Div. 804; 217 N. Y. 649; *Claflin* v. *Boorum*, 122 N. Y. 385; *Sabine* v. *Paine*, 223 N. Y. 401; *Schlesinger* v. *Lehmaier*, 191 N. Y. 69.) The findings of the trial court are without support in the evidence and the conclusions of law erroneous. (*Utica Ins. Co.* v. *Tilman*, 1 Wend. 555; *Utica Bank* v. *Smalley*, 2 Cow. 770; 8 Cow. 389; *Utica Bank* v. *Wager*, 2 Cow. 712; 8 Cow. 398; *New York Firemen's Ins. Co.* v. *Ely*, 2 Cow. 678; *Dunham* v. *Gould*, 16 Johns. 367; *Dunham* v. *Dey*, 13 Johns. 40; *Gore* v. *Lewis*, 109 N. C. 539.)

*Clinton T. Taylor* and *Harry J. Hill* for respondent. No usury exists or is involved in the present transaction as a matter of law and fact. (*Brown* v. *Robinson*, 224 N. Y. 301; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 178; *Morton* v. *Thurber*, 85 N. Y. 550; *Eldridge* v. *Reed*, 32 N. Y. Super. Ct. 155; *Seaman's Bank* v. *McCollough*, 166 App. Div. 271; 221 N. Y. 692; *Thurston* v. *Cornell*, 38 N. Y. 281; *Harger* v. *McCullough*, 2 Den. 119; *Bennett* v. *Ginsberg*, 141 App. Div. 66; *London Realty Co.* v. *Riordan*, 207 N. Y. 264; *Guggenheimer* v. *Geiszler*, 81 N. Y. 293; *Houghton* v. *Burden*, 228 U. S. 161; *Matter of Mesibovsky*, 200 Fed. Rep. 562; *Cowenhoven* v. *Pfluger*, 22 App. Div. 464.) The tender made under section 376 of the General Business Law is not prejudicial to plaintiff's rights and avoids the defense even though usury were present. (*People* v. *Young*, 207 N. Y. 522; *Matter of Baker*, 77 Misc. Rep. 90; *People* v. *O'Brien*, 111 N. Y. 1.) The defendants-appellants have waived any benefits accruing to them under the tender by their refusal to accept plaintiff's offer on the trial. (*Browne* v. *Vredenburgh*, 43 N. Y. 195.)

*Per Curiam.* The finding that "there was no usury involved in this transaction" is supported by the evidence. The tender, made in writing before the trial and renewed at the trial, "of this balance of the premium claimed to

be usurious, with interest thereon " was not a conclusive or unequivocal admission that the transaction was usurious. The common law rule that a plea of tender constituted an admission of a cause of action to the extent of the sum tendered would have no application here even if the rule itself had not been in some respects changed by statute. (Civ. Prac. Act, §§ 171, 173. Cf. Revisers' notes.) The tender here was not made as an acknowledgment of a cause of action or for the purpose of satisfying a cause of action. It was made for the purpose of sustaining the plaintiff's cause of action and the plaintiff expressly stated in writing that the " balance of the premium claimed to be usurious, with interest thereon, is hereby offered under section 376 of the General Business Law * * * to avoid forfeiture " for usury. The defendants to whom the tender was made do not assert any cause of action for the moneys tendered and they refused the tender because in this action they were not seeking to enforce any forfeiture which under section 376 of the General Business Law (Cons. Laws, ch. 20) could be discharged by payment of a usurious exaction.

It does not follow that after such tender the plaintiff is entitled to recover the full amount of its bond without deduction of the amount so tendered. Though the plaintiff has denied any wrong it has consistently urged that repayment of the sum tendered affords protection against any wrong which the court may find that it has done. Repayment of usurious interest received is the condition which the statute exacts for a discharge of forfeiture which would otherwise be the result of usury. Tender alone is insufficient. The tender may not be coupled with a condition that a defendant withdraws the defense of usury and the tender must be good in order to constitute the equivalent of payment. Perhaps the discharge of " *forfeiture* " within the meaning of the statute because of usury would not avoid the *defense* of usury. We assume that the statute would not have such effect. That ques-

tion is not before the court since here there is a finding that there was no usury.

If a party demands affirmative relief based upon a tender of unconditional payment of a sum of money, he cannot retain the money subject to his own use, but must devote it to the specific purpose of payment and "put it within the power of the" person to whom the payment must be made "to receive it at any time." (*Nelson* v. *Loder*, 132 N. Y. 288, 292.) That rule has been often applied where the tender has been made in payment of a debt. It should not be so limited. It must apply wherever there is a demand for relief which can be granted only upon some payment made or its equivalent. It matters not whether demand for affirmative relief proves in the event unnecessary or unjustified. Only a tender kept good is in equity the equivalent of actual payment; and when, in this case, the plaintiff renewed in court its tender of the money claimed by the defendants to constitute a greater sum than is prescribed by law for a loan of money and, based on such tender, the plaintiff asserted a right to a discharge from any forfeiture arising from the taking of the money, the sum so tendered was not retained subject to the plaintiff's use, but was devoted to the specific purpose of unconditional payment to the defendants. The amount of the loan which the plaintiff can recover in this action is reduced to the extent of the payment which the plaintiff unconditionally tendered.

The judgments should be modified by deducting the amount of such tender and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment accordingly.