CHARMANTE STUDIO, INC., Respondent, *v.* IRVING GREENFIELD, Individually and as a Copartner in a Firm Doing Business under the Name of MODERN PHOTO LABORATORIES, Defendant, and ADOLPH LOBEL et al., Appellants.

Supreme Court, Appellate Term, First Department, June 27, 1945.

*Sol A. Herzog* and *Zarah Williamson* for appellants.

*Harry M. Begun* for respondent.

SHIENTAG, J. The action is in replevin. The defendants agreed to sell and deliver to plaintiff a washing machine and dryer for $475, of which $25 was paid on account. The balance of $450 was to be paid on or before delivery. The machines were not delivered although plaintiff tendered the balance of the purchase price. The complaint demanded the delivery of the machines or their value and damages for their unlawful detention. The jury's verdict was: "The plaintiff is entitled to $395, and the recovery of the machines." No provision was made for the balance of the purchase price.

This verdict cannot stand. The chattels in question were never replevied, hence, under section 1120 of the Civil Practice Act it was mandatory that the verdict fix the value of the chattels at the time of the trial. "Section 1120 of the Civil Practice Act being mandatory, the jury must fix the value of the chattels in their verdict, and if they fail to do so, the

verdict is defective and the judgment entered thereon must be reversed." (*Kram* v. *Manufacturers Trust Co.,* 238 App. Div. 680, 683; see, also, *Barth & Co., Inc.,* v. *Myers,* 236 App. Div. 807; *New York Yellow Cab Co. S. A., Inc.,* v. *C. G. & R. Corp.,* 223 App. Div. 44.) The verdict failed to give any reason, as provided in section 1121 of the Civil Practice Act, why such value was not so fixed.

Moreover, the judgment below was fatally defective because, in violation of section 1124 of the Civil Practice Act, it failed to award to plaintiff the sum fixed as the value of the chattels to be paid by the defendants if possession thereof is not delivered to the plaintiff (*Karpas* v. *Brussel,* 217 App. Div. 550).

Wholly apart from the fatal deficiency in the verdict below, the judgment must be reversed because the tender made by the plaintiff for the delivery of the chattels was not kept good. Concededly the plaintiff is not entitled to the possession of the chattels unless payment is made of the balance of the purchase price. True, that balance was tendered and refused but the tender was not kept good. The money due, for example, was not deposited in court (*Jefferson Title & Mortgage Corp.* v. *Dempsey,* 266 N. Y. 190; *Dodge* v. *Fearey,* 19 Hun 277). The judgment which the plaintiff has obtained would enable it to obtain the machines without paying for them.

The failure to keep the tender good does not, however, warrant the dismissal of the complaint as the defendants contend. Upon a new trial plaintiff will be required to make a new tender and to deposit the sum in court. The failure to make the deposit at the first trial is an irregularity which may be cured. (See *Jefferson Title & Mortgage Corp.* v. *Dempsey,* 266 N. Y. 190, *supra.*)

The judgment should be reversed and a new trial ordered, with $30 costs to appellants to abide the event.

HAMMER and EDER, JJ., concur.

Judgment reversed, etc.