Deyo, J.
The action was in replevin to recover possession of a motor vehicle. The defendant set up by way of counterclaim a garageman’s lien for repairs. Prior to the trial the plaintiff gave an undertaking and secured possession of the automobile. The jury returned a verdict in favor of the defendant for the amount of the repair bill and no cause of action as to the plaintiff’s claim. On the basis of this verdict the customary judgment in replevin was entered wherein it was stated that the value of defendant’s special property in the automobile was less than the value of the chattel itself. The jury made no such finding and its verdict failed to comply with the definite requirements of sections 1120 and 1121 of the Civil Practice Act. These sections provide in substance that a verdict such as the jury obviously attempted to render in the case at bar, shall either fix the value of the chattel at the time of trial, or state that the reason why it is not fixed is that the value of the chattel is greater than the value of the defendant’s special property therein. Compliance with this requirement is essential to the validity of the verdict. (New York Yellow Cab Co. Sales Agency v. Cortlandt Garage & Realty Corp., 223 App. Div. 44; Charmante Studio v. Greenfield, 185 Misc. 266; Rosenblatt v. Niedermayr Pattern & Machine Works, 70 N. Y. S. 2d 902.)
This court has no alternative other than to reverse the judgment and direct a new trial, with costs to abide the event.
Foster, P. J., Heffernan, Brewster and Sautry, JJ., concur.
Judgment reversed on the law and a new trial directed, with costs to abide the event.