Deyo, J.
Appellant was the owner of an airplane which he had left with one McNary for remodeling. The bill came to $4,700. The appellant maintained that McNary had agreed to do the work for $3,000. McNary asserted a lien under section 184 of the Lien Law, and detained the airplane. While proceedings for its sale were pending, the appellant, allegedly by fraud, *445 obtained possession of it and removed it from the State. Appellant was thereupon indicted for grand larceny and obtained a writ of habeas corpus. He now appeals from the dismissal of that writ. It will be assumed for the purpose of this decision that the circumstances present one of those ‘1 rare and exceptional ” cases where the writ may be resorted to to test the sufficiency of an indictment. (People ex rel. Collins v. McLaughlin, 194 N. Y. 556; People ex rel. Jannicky v. Warden of City Prison, 231 App. Div. 131, affd. 255 N. Y. 623.)
The indictment follows substantially the language of section 1290 of the Penal Law, and alleges in substance, that appellant willfully, maliciously and feloniously stole, took and carried away a certain airplane from the possession of McNary, the special owner thereof, with intent to deprive and defraud said McNary of the use and benefit of said property. The appellant contends that the indictment is insufficient in that it alleges that McNary was only the *1 special owner, ’ ’ and that it fails to negative the title of defendant as owner of the airplane. Section 1290 of the Penal Law contains no such requirements. It defines larceny as follows: ‘ ‘ A person who, with the intent to deprive or defraud another of the use and benefit of property or to appropriate the same to the use of the taker, or of any other person other than the true owner, wrongfully takes, obtains or withholds, by any means whatever, from the possession of the true owner or of any other person any * * * personal property, * * * or article of value of any kind, steals such property and is guilty of larceny. * * * ”
Even if McNary could not be termed the “ true owner,” he certainly falls within the category of 11 any other person,” and clearly, was deprived of the “ benefit of property,” since it was the airplane to which he was looking for the satisfaction of his lien. If it can be proven that the airplane was taken with intent to deprive McNary of its “ use and benefit,” the fact that the “ taker ” and the “ true owner ” happened to be the one and the same person would seem to be immaterial.
It has been held that a lienor has a special property interest in the object of his lien (New York Yellow Cab Co. Sales Agency v. Courtlandt Garage Realty Corp., 223 App. Div. 44) and that an averment that one has a special property interest in the article stolen is sufficient to support an indictment for larceny. (Phelps v. People, 72 N. Y. 334.) We are of the opinion that McNary’s special ownership was sufficient to support the indictment and that the failure to negative the appellant’s general ownership was not fatal..
*446 This brings us to the really important question in the case, and one which apparently is of first impression in this State. Is the general owner of the property guilty of a larceny when he wrongfully takes it from the possession of one having some special interest in it, with intent to deprive or defraud such person of the use and benefit thereof? Palmer v. People (10 Wend. 166) presents the closest analogy. There the owner of shingles which had been levied upon, stole them from the constable and then brought suit for their value. He was charged with and found guilty of larceny. The court said, at page 166, ‘ ‘ There is no doubt a man may be guilty of larceny in stealing his own property, when done with intent to charge another person with the value of it. * * * The constable, by levying on the shingles, had acquired a special property in them * * * and the charge was well laid by stating the property to be in the constable ’ ’. Although in the instant case there was no intent to “ charge ” McNary, there was, allegedly, a clear intent to deprive him of the benefit of the property. The courts of other jurisdictions and eminent authorities generally, seem to be in accord on the proposition that the owner of goods who wrongfully takes them from one having a special interest therein, such as a lienor, is guilty of larceny. (Hall v. United States, 277 F. 19; State v. Cohen, 196 Minn. 39; State v. Nelson, 36 Wash. 126; State v. Parker, 104 Utah 23; State v. Stephens, 32 Tex. 156; State v. Hubbard, 126 Kan. 129; 2 Wharton on Criminal Law [12th ed.], § 1177; 17 R C. L., Larceny, § 26; 32 Am, Jur., Larceny, § 53; 52 C. J. S., Larceny, § 39; 12 L. R. A. [N„ S.) 94.)
We are in accord with what is clearly the prevailing rule, and are of the opinion that the indictment in the instant case is sufficient, and that the allegations therein set forth, if proven, constitute larceny.
The order should be affirmed.
Brewster, Santry and Bergan, JJ., concur; Heffernan, J., concurs in the following memorandum: I concur in the opinion of Mr. Justice Deyo as to the sufficiency of the indictment. Viewed strictly solely from a technical standpoint it charges defendant with the crime of grand larceny. However, from a practical view point and from the statements in the briefs of both attorneys as to the grounds on which the indictment is predicated it is quite obvious that no conviction could follow a trial of the issues on the merits. The whole controversy resolves itself around the validity of McNary’s lien on the airplane — a controversy which should be disposed of in a civil action.
Order affirmed.