No. 57,324

STATE OF KANSAS, *Appellant,* v. MAXWELL E. ETAPE, *Appellee.*

(699 P.2d 532)

Opinion filed May 10, 1985.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Byron L. Sloan,* assistant district attorney, were with him on the brief for the appellant.

*John D. Clark,* of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal by the State from the trial court's acquittal of Maxwell E. Etape (defendant-appellee), who had been charged with felony theft. K.S.A. 1984 Supp. 21-3701(a). The trial court sustained defendant's motion to dismiss at the close of the State's case based upon the conclusion of law that the mechanic who had repaired the defendant's vehicle and who had a mechanic's lien upon such vehicle was not an "owner" as defined by Kansas law, and, therefore, the defendant's removal of such vehicle from the mechanic's possession without consent and without satisfying the lien did not constitute a theft. The State reserved the question of ownership for appeal pursuant to K.S.A. 22-3602(b)(3).

The facts are brief and undisputed. On March 4, 1984, the defendant took his 1981 Volvo into the Mid-Town Body Shop in Wichita for an estimate on the cost to repair the car's front end damage. After Mr. Hartman, the owner of the body shop, pre-

pared the estimate, the defendant authorized the repair work and left the keys to the car with Mr. Hartman. The repairs were made, resulting in total charges to the defendant of $2,774.71. The defendant's insurance company refused to pay for the repairs because of problems with coverage. Mr. Hartman informed the defendant that he would have to pay for the repairs himself before the car would be released to him.

On April 5, 1984, the defendant, using his additional set of keys, removed the car from the Mid-Town Body Shop without Mr. Hartman's knowledge or permission, and without paying for the repairs.

Mr. Hartman phoned the defendant the next day and the defendant refused to bring the car back because he "needed it." Mr. Hartman then filed a mechanic's lien statement in compliance with K.S.A. 58-201. The defendant was charged with theft in violation of K.S.A. 1984 Supp. 21-3701(a).

At the close of the State's evidence, the court sustained the defendant's motion to dismiss the case, stating, "The problem that I have here is I cannot find that this body shop repairman is an owner as is required under the criminal statutes."

We first note that the defendant cannot be retried and any ruling we make will not affect him. *State v. Glaze,* 200 Kan. 324, 436 P.2d 377 (1968); *State v. Kopf,* 211 Kan. 848, 508 P.2d 847 (1973).

The State has appealed upon a question reserved pursuant to K.S.A. 22-3602(b)(3). In *State v. Martin,* 232 Kan. 778, 780, 658 P.2d 1024 (1983), we spoke of the purpose of K.S.A. 22-3602(b)(3) in these words:

"[A]ppeals on questions reserved by the prosecution will not be entertained merely to demonstrate whether or not errors have been committed by the trial court. Such questions must be of statewide interest and answers thereto must be vital to a correct and uniform administration of the criminal law. *State v. Lamkin,* 229 Kan. 104, Syl. ¶ 2, 621 P.2d 995 (1981)."

The question presented in the instant case is whether the trial court erred in finding that "owner" as used in K.S.A. 1984 Supp. 21-3701 does not include one who possessed the stolen property under a mechanic's lien. Normally, matters of statutory construction satisfy the *Martin* rule. Since this precise question has not heretofore been presented to this court, we find that an answer is vital to a correct and uniform administration of the criminal law.

The sole issue before us is whether one holding property under a mechanic's lien is an "owner" of the property within the meaning of K.S.A. 1984 Supp. 21-3701, so that the general owner may be guilty of theft for removing the property without permission prior to satisfaction of the lien.

K.S.A. 1984 Supp. 21-3701 provides in pertinent part:

"Theft is any of the following acts done with intent to deprive the *owner* permanently of the possession, use or benefit of the *owner's* property:

"(a) Obtaining or exerting unauthorized control over property." (Emphasis added.)

The trial court accepted the defendant's argument that a lienholder cannot be an "owner" because the title remains with the general owner. See 51 Am. Jur. 2d, Liens, § 2. Therefore, the court held, one cannot be charged with stealing his own car.

We disagree with the trial court's interpretation of "owner" under the statute.

A mechanic's lien is a statutory lien which is given priority over all other liens on the same property. K.S.A. 58-201 provides in pertinent part:

"Whenever any person at, or with the owner's request or consent shall perform work, make repairs or improvements on any . . . automobiles . . . a first and prior lien on said personal property is hereby created in favor of such person. . . .

"[S]uch lien shall be valid as long as the lien claimant retains possession of said property, and the claimant of said lien may retain the same after parting with the possession of said property by filing within forty-five (45) days in the office of the register of deeds, under oath, a statement of the items of the account and a description of the property on which the lien is claimed. . . ."

The Mid-Town Body Shop clearly had a mechanic's lien on the defendant's car and had a right to possession until the repairs were paid. Did this right to possession satisfy the ownership requirement of the statute?

"Owner" is defined in the general definitions statutes, K.S.A. 21-3110, as "a person who has any interest in property." In applying this definition, the question becomes whether one holding property under a mechanic's lien has a *greater interest* in the property than does the general owner.

This court has been met with similar factual situations and similar issues in the past. For instance, *Railway Co. v. Hinsdell*, 76 Kan. 74, 90 Pac. 800 (1907), was a false imprisonment action in

which the appellant claimed he had been wrongfully arrested for taking his own property from a common carrier which held it under a carrier's lien for nonpayment of transportation costs. This court found that the appellant had been guilty of theft because the lien created a "special property interest" in the lienholder giving it a superior possessory interest until the charges were paid.

Likewise, in *State v. Hubbard,* 126 Kan. 129, 266 Pac. 939 (1928), this court found that a woman who had pledged her car for security on a debt was guilty of larceny when she removed the car from the pledgee's possession without his knowledge or consent and without paying her debt. In reaching this decision, we stated:

"Under ordinary circumstances a person cannot commit larceny by taking possession of his own property, but if the general owner has transferred a special interest or ownership to another, the taking of the possession of the property from the other, with the intent to deprive him of his rights and interest, may constitute larceny." 126 Kan. at 131.

More recently in *State v. Coburn,* 220 Kan. 750, 556 P.2d 382 (1976), we said:

"Historically larceny was an offense against another's superior possessory interest in personal property. . . .

"[I]t is [still] the superior right of possession of the victim that makes him an 'owner,' and not the legal title."

We note every jurisdiction that has addressed the issue of whether a person may be guilty of theft for stealing his own property from one who has a special possessory interest in it applies the rule which this court applied in *Hinsdell, Hubbard* and *Coburn.* See, *e.g., Hall v. United States,* 277 F. 19 (8th Cir. 1921); *State v. Parker,* 104 Utah 23, 137 P.2d 626 (1943); *People v. Cain,* 7 Cal. App. 163, 93 Pac. 1037 (1907); *State v. Stephens,* 32 Tex. 155 (1869); 3 Wharton's Crim. Law § 393 (14th ed. 1980); Annot., 58 A.L.R. 330.

Accordingly, we now hold that one who has a mechanic's lien on property has a superior possessory interest as against the gene l owner, and if the general owner takes the property without permission and without satisfying the lien he may be guilty of theft provided it is done with a felonious intent to deprive the lienholder of his rights.

Accordingly, the trial court erred in dismissing this case and the State's appeal is sustained.