**Jacob JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0712–CR–664.

Court of Appeals of Indiana.

July 24, 2008.

Transfer Denied Sept. 23, 2008.

---

Kurt Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Mellisica K. Flippen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge.

Jacob Jones ("Jones") was convicted in Marion Superior Court of Class C felony auto theft and Class A misdemeanor driving while suspended. Jones appeals and argues that the evidence is insufficient to support his auto theft conviction because the vehicle he stole had been abandoned. We affirm.

**Facts and Procedural History**

In June of 2006, Brian Cope ("Cope") purchased a silver 1985 Chevrolet van

from Amber Auto Sales. In February of 2007, Cope took the van to Discount Battery for repairs. Cope was told that the van had a "blown engine," which would need to be replaced. Ex. Vol., State's Ex. 4. Cope did not want to pay for the repair and never returned to retrieve his van. The van sat in Discount Battery's enclosed lot for approximately two months. On some date in April 2007, Discount Battery employees pushed the van into an adjacent field. The van sat in that field until June 10, 2007.

On that date, Cope's brother-in-law, George Nichols ("Nichols"), who lived near Discount Battery, observed Jones and another man knocking the steering column out of the van. After the steering column was unlocked, Jones and his companion pushed the van into a nearby alley. They then backed a black van up to Cope's silver van, attached a tow strap to the silver van, and began to tow it away. Nichols called the police and reported the theft of the van.

Jones was driving the black van while towing the silver van when he was stopped by the police. Indianapolis Police Officer Matthew Neuenschwander ("Officer Neuenschwander") responded to the 911 call. Officer Neuenschwander Mirandized Jones, who agreed to talk to the officer. Jones stated that he purchased the silver van from an elderly woman, but could not provide her name or any documentation. Officer Neuenschwander continued to question Jones, who eventually stated that he stole the silver van because he wanted to use its parts to fix his own van.

On June 19, 2007, the State charged Jones with auto theft naming Amber Auto Sales as the owner of the van. At trial, Jones argued that he was not guilty of

auto theft because Cope had abandoned the vehicle and Amber Auto Sales was merely a lienholder, not the vehicle's owner. Jones was found guilty as charged.[1] The offense was elevated to a Class C felony because Jones has a prior auto theft conviction. He was sentenced to serve six years for the auto theft conviction. Jones now appeals.

### Discussion and Decision

■ When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To establish that Jones committed auto theft, the State was required to prove that Jones knowingly or intentionally exerted unauthorized control over the motor vehicle of another person, with intent to deprive the owner of the vehicle's value or use. *See* Ind.Code § 35–43–4–2.5 (2004). Jones argues that the evidence is insufficient to support his auto theft conviction because the victim, Amber Auto Sales, was a lienholder, not the owner of the van.

■ The term "owner" is not statutorily defined. "Undefined words in a statute are given their plain, ordinary, and usual meaning." *Armstrong v. State*, 848 N.E.2d 1088, 1092 (Ind.2006). The term "owner" is defined as "a person who holds something as his or her own; a possessor

1. Jones was also charged with and convicted of Class A misdemeanor driving while suspended, but Jones does not appeal that conviction for which he received a concurrent one-year sentence.

or proprietor; a person who has the rightful claim or title to a thing." *See* Oxford English Dictionary Online (2008) *available at* http://www.dictionary.oed.com.

At trial, Michael Williams, the manager of Amber Auto Sales, testified that Amber Auto Sales had a lien on the van. The Amber Auto Sales lien is also reflected on the certificate of title for the van, and the certificate of title was admitted into evidence. Ex. Vol., State's Ex. 8. Williams stated that if someone purchases a vehicle and stops making payments, Amber Auto Sales repossesses the vehicle if they can find it. Tr. p. 80. In this case, Amber Auto Sales was not aware of the van's location, and therefore, was unable to repossess it. Tr. p. 96.

It is undisputed that as a lienholder, Amber Auto Sales had a claim to the van. *See American States Ins. Co. v. Floyd I. Staub, Inc.*, 175 Ind.App. 244, 250, 370 N.E.2d 989, 993 (1977) (citing *Hubble v. Berry*, 180 Ind. 513, 103 N.E. 328 (1913)) (A lien is defined as a claim which one person holds on the property of another as a security for an indebtedness or charge.); *see also* Black's Law Dictionary (8th ed. 2004) ("A legal right or interest that a creditor has in another's property, lasting usu[ally] until a debt or duty that it secures is satisfied.") Moreover, because Cope ceased making payments on the van, Amber Auto Sales had the right to repossess it.

Because it had a rightful claim to the van, we conclude that Amber Auto Sales was an "owner" of the van as that term is used in Indiana Code section 35–43–4–2.5. *Cf. State v. Etape*, 237 Kan. 380, 699 P.2d 532, 535 (1985) ("[O]ne who has a mechanic's lien on property has a superior possessory interest as against the general owner, and if the general owner takes the property without permission and without satisfying the lien he may be guilty of theft

provided it is done with a felonious intent to deprive the lienholder of his rights.") Accordingly, we conclude that the evidence was sufficient to support Jones's auto theft conviction.

Affirmed.

MAY, J., and VAIDIK, J., concur.